PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar, report of the referee, and a petition for review by Arnold Saphirstein. The referee recommends that Saphirstein be found guilty of violating Florida Bar Code of Professional Responsibility, Disciplinary Rules 9-101(C),[1] 7-110(B),[2] and 1-102(A)(5)[3] and that he receive a public reprimand. In response, Saphirstein admits his guilt but urges that in light of the totality of the circumstances of his case, the appropriate disciplinary measure should be a private reprimand. We approve the referee’s recommendation as to guilt but reject the recommended discipline as too lenient. We conclude that *8 Saphirstein should receive a sixty-day suspension from the practice of law in this state.
The referee made the following findings of fact:
1. That based on the testimony of the Respondent, Miette Bumstein, Esquire, Carole Marquis, and Neil Garfield, Esquire, the respondent contacted Miette Bumstein on or about August 30, 1977, for the purpose of influencing her decision as a Referee on a then pending disciplinary matter involving Robert Hurth, Esquire, in violation of D.R. 7-110(B), D.R. 9-101(C), and D.R. 1-102(A)(5).
2. That during the time involved, the Respondent was operating under extreme mental and physical pressure, having assumed the monumental task of running a large law practice without adequate experience.
3. That the Respondent operated in a naive manner and did not have a proper or working knowledge of the Canons of Ethics or the Disciplinary Rules of the Florida Bar.
Additionally, the record reveals that Sa-phirstein initially responded to the Bar’s complaint by alleging that Bumstein, who during this period of time was a candidate for circuit judge, had made a false statement concerning his attempt to influence Bumstein. He later conceded that he knew at the time he made this allegation that it was false.
We reject the referee’s recommended discipline, not because it is too severe as Saphirstein suggests, but because it is too lenient. We reach this conclusion based on the fact that Saphirstein not only attempted to influence a referee’s decision in a disciplinary matter but also filed a knowingly false response accusing the referee whom he sought to influence of lying about what happened. Saphirstein’s reprehensible conduct of falsely accusing the referee of lying, in addition to attempting to influence her decision in a disciplinary proceeding, is prejudicial to the administration of justice and cannot be excused by the mitigating circumstances delineated in the referee’s report in the present case. Sa-phirstein’s false response to The Florida Bar’s complaint aggravated the seriousness of his misconduct.
A disciplinary penalty must be fair to society and protect it from unethical conduct while not denying the public the services of a qualified lawyer by an unduly harsh discipline. It must be fair to a disciplined lawyer by punishing him for the misconduct while at the same time encouraging rehabilitation, and it should be severe enough to deter others from similar misconduct. The Florida Bar v. Pahules, 233 So.2d 130 (Fla.1970). With this view in mind, we find the appropriate discipline to be imposed in the present case is a sixty-day suspension.
Accordingly, we hereby suspend respondent from the practice of law for sixty days. Respondent is directed to pay the costs of these proceedings in the amount of $479.20. This suspension shall be effective November 12, 1979, thereby giving respondent thirty days to close his practice and to take the necessary steps to protect his clients.
It is so ordered.
ENGLAND, G. J., and BOYD, OVER-TON, SUNDBERG and ALDERMAN, JJ., concur.

. DR 9-101(C) provides:
A lawyer shall not state or imply that he is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official.

. DR 7-110(B) provides:
In an adversary proceeding, a lawyer shall not communicate, or cause another to communicate, as to the merits of the cause with a judge or an official before whom the proceeding is pending except:
(1)In the course of official proceedings in the cause.
(2) In writing if he promptly delivers a copy of the writings to opposing counsel or to the adverse party if he is not represented by a lawyer.
(3) Orally upon adequate notice to opposing counsel or to the adverse party if he is not represented by a lawyer.
(4) As otherwise authorized by law.

.DR 1-102(A)(5) provides:
(A) A lawyer shall not:

(5) Engage in conduct that is prejudicial to the administration of justice.