PER CURIAM.
This is a bar disciplinary action in which David P. Weinberger petitions for review of a referee’s report recommending a one-year suspension of Weinberger for violation of DR 1-102(A)(6) and DR 7 — 106(C)(6), Code of Professional Responsibility.[1]
Weinberger, newly admitted to practice law, represented himself in two civil suits arising from termination of his employment by the Florida Department of Commerce. After suffering adverse rulings in those cases, he filed various pleadings and made public statements denigrating the courts and the administration of justice. No useful purpose would be served in repeating those remarks, but they can be described as multiple irresponsible and intemperate attacks on the judiciary, Weinberger himself concluded that “I ought to consider myself rather fortunate that I didn’t get cited for contempt.”
Besides finding Weinberger guilty of professional misconduct,[2] the referee perceived an extremely intemperate personality. Because of Weinberger’s acts of misconduct and his present psychological makeup the referee recommended a one-year suspension.
Weinberger’s conduct cannot be condoned, and he is soundly reprimanded for it. At the same time we do not feel that a one-year suspension is proper in this case. Since these incidents occurred, he has retained competent responsible counsel. His counsel has reported to this Court her disfavor with her client’s actions and has so advised her client. Weinberger has apologized to two judges involved and has offered to take further action to exhibit his remorse and his subsequently learned appreciation that his actions did not comport with the standards we expect of counsel.
We publicly reprimand David P. Weinber-ger for his actions with the admonition that any such conduct on his part in the future will be dealt with sternly. Costs in the amount of $2,007.96 are assessed against the respondent.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., concurs in part and dissents in part with an opinion.

. DR 1-102(A) A lawyer shall not:
* * * * * *
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.
DR 7-106(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:
* * * * * *
(6) Engage in undignified or discourteous conduct which is degrading to a tribunal.

. There is ample competent evidence to support these findings.