ALDERMAN, Justice,
concurring in part, dissenting in part.
I agree that Weinberger has violated the Code of Professional Responsibility, but I would go beyond the public reprimand imposed by the Court and, as recommended by The Florida Bar, suspend him from the practice of law for ninety-one days and require proof of rehabilitation and a psychological evaluation before reinstatement.
The referee, in his report, finds:
The testimony beginning at TR 198 when the Respondent became the Referee’s witness is most significant because the court hears from Respondent directly about himself. At TR 222 Respondent stated his regrets and apology. He seems to agree that he should not have done what he did and ought not to do so again. Nevertheless, he is without contrition; for he persists in regarding the proper limits of his behavior as those applying to a non-lawyer. After the trial, he wrote two formal letters of apology to the United States District Judges who were involved in the matter. (R 80 and 81). Despite these letters and his apology, it is apparent that Respondent would continue his crusade against the judicial system in the same manner as he is alleged to have acted previously.
Respondent is not on trial for what he thinks he believes, but rather for what he *663 acts out. It is interesting, if not necessarily material, to examine the type of person he is according to the testimony of his witnesses, Dr. Jess Spirer, a clinical psychologist, and the written report from a psychiatrist, Dr. Steinbook, dated June 18, 1979. Dr. Steinbook’s report was addressed to Michael S. Hoffman, Esq., Respondent’s then attorney who has withdrawn from the case because of irreconcilable differences with Respondent. The following words according to the trial transcript may be used to describe Respondent: argumentative, obstinate, persistent, litigious, demanding, determined, harassed, harrassing of others, feeling persecuted, unhappy, lacking in social judgment, a rebel, a reformer, a radical, idealistic, obsessive-compulsive personality with paranoid features, rigid, hypersensitive, excessively self-important, inflexible, intemperate, and unable to maintain satisfactory interpersonal relationships.
From my review of the record, I conclude that Weinberger, at the time he committed the acts of misconduct and also at the time of the referee’s hearing, either did not understand or was unwilling to accept the principles that more is expected of a lawyer than is expected of a layman and that any conduct of a lawyer which brings into scorn and disrepute the administration of justice demands condemnation and the application of appropriate penalties. The Florida Bar in re Shimek, 284 So.2d 686 (Fla.1973); State ex rel. The Florida Bar v. Calhoon, 102 So.2d 604 (Fla.1958).
In light of the totality of circumstances in this case, I believe the ninety-one-day suspension recommended by The Florida Bar is an appropriate penalty because it would fairly punish Weinberger for his misconduct, would encourage his rehabilitation, and is severe enough to deter others from similar misconduct. The Florida Bar v. Saphirstein, 376 So.2d 7 (Fla.1979).