PER CURIAM.
This disciplinary proceeding is before the Court for approval of a referee’s report recommending acceptance of a conditional *181 guilty plea and consent judgment on discipline.
When a former client of respondent’s was charged with violating probation, she told a circuit judge that respondent had never informed her she was on probation. The judge ordered respondent to appear before him, made an inquiry, and suggested to the accused probationer that she file a grievance with The Florida Bar. In response to the Bar’s inquiries, respondent wrote letters to the Bar and to a grievance committee in which he denied failing to inform his client that she had been placed on probation and accused the judge of improper conduct in the matter. Respondent took the position that the judge had wronged him by making record findings that he had rendered inadequate legal services to the client. Respondent stated his intention to file a judicial grievance and a civil rights action against the judge unless the judge withdrew or retracted his findings in this regard.
The Bar filed a formal complaint charging misconduct and a referee was appointed. Respondent filed a conditional guilty plea to charges of professional misconduct in exchange for a recommendation of an agreed measure of discipline. Respondent and the Bar submitted a consent judgment for consideration by the referee. The agreed and recommended measure of discipline was a public reprimand to be administered through a personal appearance before the Board of Governors of The Florida Bar. The referee accepted the plea, found facts accordingly, and recommended imposition of the agreed discipline.*
We approve the referee’s repoit. Attorney Stephen Anthony Flynn shall appear before the Board of Governors and be given a public reprimand. The costs of this proceeding are taxed against the respondent. Judgment is entered against Stephen Anthony Flynn in the amount of $766.64, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

 The referee found that respondent had violated the former Integration Rule, article XI, rule 11.02(3) (standards of professional conduct requiring consistency with honesty, justice and good morals); and the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); 7-105 (threatening to present criminal charges solely to obtain an advantage in a civil matter); and 8-102(B) (making false accusations against a judgé).