528 So.2d 369 (1988)
THE FLORIDA BAR, Complainant,
v.
Bret S. CLARK, Respondent.
No. 70295.
Supreme Court of Florida.
July 14, 1988.
*370 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Bar Counsel, Miami, for complainant.
Bret S. Clark, Miami Shores, in pro. per.
PER CURIAM.
This cause is before the Court for consideration of the findings and recommendations set forth in a referee's report. Respondent has filed a petition for review. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee made the following relevant findings of fact:
Count I
... .
2. That ... Respondent received a speeding ticket to which he pled not guilty.
3. That ... Respondent was found guilty of such speeding ticket ... and fined $100.00.
... .
6. That on or about September 4, 1984 the Circuit Court, Fifth Judicial Circuit, in and for Lake County, Florida, sitting in its appellate capacity, affirmed the Lake County Court decision [imposing the fine], without opinion.
7. That on or about February 14, 1985 Respondent filed a petition for writ of certiorari with the Fifth District Court of Appeal of Florida to review such September 4, 1984 order of the Circuit Court.
8. That pursuant to Florida Rules of Appellate Procedure 9.100(c), such petition for writ of certiorari should have been filed within 30 days of the order sought to be reviewed, or by October 4, 1984 in the instant case.
9. That Respondent argued such petition was timely under an exception to the rule where denial of appellate review would be fundamentally unfair.
10. That Respondent contended such denial of appellate review would be fundamentally unfair since Respondent had not received notice of the Fifth Judicial Circuit's order of affirmance until January 14, 1985.
11. That Respondent's failure to receive such notice was due to his change of address and failure to inform the Court of such change.
12. That on or about April 15, 1985 the Fifth District Court of Appeal dismissed Respondent's petition for writ of certiorari due to lack of jurisdiction.
13. That on or about April 30, 1985 Respondent filed a motion for rehearing with the Fifth District Court of Appeal of Florida.
14. That on or about May 28, 1985 the Fifth District Court of Appeal denied such motion as untimely.
15. That Respondent had erroneously assumed that all documents served by mail have an additional five days added to the time period whereas such procedure is not applicable to the filing notices of appeal or motions for rehearing.
16. That on or about July 8, 1985 Respondent filed a motion to recall mandate and a suggestion for reconsideration with the Fifth District Court of Appeal.
17. That such motion was attacked by the State as being frivolous and a sham pleading since the Court had no power to recall mandate and that no mandate had even issued.
18. That the State moved for attorneys fees under the provisions which provides for such fees where a losing party's position lacks any "justiciable issue" of law of fact.
19. That in support of Respondent's contention that his efforts were not frivolous, Respondent relied on a 1980 case *371 that had been reversed by The Florida Supreme Court in 1981.
20. That on or about July 12, 1985 the Fifth District Court of Appeal denied Respondent's motion for recall of mandate.
21. That on or about July 25, 1985 the Fifth District Court of Appeal granted the State's Motion for Attorneys Fees in the amount of $100.00.
22. That on or about August 23, 1985 Respondent filed an untimely motion with the Fifth District Court of Appeal to review such order granting attorney's fees.
23. That Respondent argued, for the first time, that such sanctions were in retaliation for Respondent's correspondence to the Fifth District Court of Appeal where Respondent complained of his denial of appellate review as violating his First Amendment right to petition for redress of grievances and that such fee sanction was repugnant to the Constitution.
24. That on or about September 12, 1985 the Fifth District Court of Appeal summarily denied Respondent's Motion to Review such fee award.
25. That on or about November 14, 1985 the Florida Supreme Court, answering an inquiry made by Respondent, informed Respondent that it lacked jurisdiction to review orders granting fee awards.
26. That on or about December 9, 1985 Respondent appealed the Fifth District Court of Appeal's final order awarding fees to the United States Supreme Court, arguing that such fee award was in violation of the First Amendment since such fee statute was based upon a vague concept of what constituted a justiciable issue.
27. That on or about April 28, 1986 the United States Supreme Court denied such appeal as being "so utterly frivolous as to not warrant any further discussion." [475 U.S. 1134, 106 S.Ct. 1784, 90 L.Ed.2d 330].
Count II
28. That on or about April 25, 1985 Respondent appeared before the Honorable Judge Spellman as plaintiff's attorney in a preliminary injunction hearing, in the case of Rose Merle v. Florida State Constructors Services, Inc., Case No. 85-0974-Civ-EPS, in the U.S. District Court, Southern District of Florida.
29. That at such hearing, Respondent alleged that Judge Barad, a Circuit Judge of the Eleventh Judicial Circuit of Florida was an active participant in a RICO conspiracy with defendants.
30. That Respondent based such allegations on the premise that Judge Barad and the defendants in the case being tried had entered into a conspiracy which resulted in obstruction of justice and the inability of Respondent's client to get a fair hearing before such Judge.
31. That on or about April 21, 1986 Respondent filed a Second Amended Complaint-Class Action against the Honorable Frederick N. Barad and the entire Eleventh Circuit Court of Dade County, Florida, among other defendants.
32. That in such complaint, Respondent alleged that Judge Barad and other judges of the Eleventh Circuit Court were corruptly influenced in the due administration of justice in the state courts by the private defendants, thus engaging in a pattern of racketeering activity in violation of the RICO statute.
33. That Respondent based such allegations of racketeering activity on Judge Barad's rulings against Respondent's client and ex parte communications had between Judge Barad and opposing counsel.
The referee determined that respondent had violated the following Disciplinary Rules of The Florida Bar's Code of Professional Responsibility: Rules 1-102(A)(6) (conduct that adversely reflects on attorney's fitness to practice law); 7-102(A)(2) (advancement of a claim or defense that is unwarranted under existing law); and 8-102(B) (a lawyer shall not knowingly make false accusations against a judge or other adjudicatory officer).
Respondent takes issue with the referee's findings and asserts that the Bar seeks to violate his first amendment rights *372 and right of access to the court system. We agree with the referee in rejecting these claims. Curtailing respondent's abuse of the court system does not deny him access to the courts or violate his constitutional rights. As the referee noted:
[F]rom the onset of Respondent's trek through the legal system to fight a traffic ticket he has forged ahead despite failing to comply with simple rules of procedure. To begin, he petitioned for certiorari to the Fifth District Court of Appeals five months subsequent to the date of the order. The Rules of Appellate Procedure unequivocally provide that the petition be filed within 30 days. Although Respondent changed his address and failed to advise the court of same, he persisted undeterred. Respondent then filed a Motion for Rehearing outside of the time limits prescribed, mistakenly believing he had extra time for mailing. Although Mr. Clark claims this mistake to be common among other attorneys he should have at that point ceased his efforts. He had failed to comply with mandatory rules which all attorneys and litigants are bound by. The Fifth District Court of Appeals recognized the foregoing and consequently awarded the Attorney General's Office attorney's fees... .
It is most certainly admirable to be a persistent, aggressive and innovative practitioner. It is not admirable, however, to advance frivolous claims where simple mandatory rules of procedure are disobeyed.
We likewise reject respondent's assertion that by charging him with a violation of Rule 8-102(B), the Bar is preventing him from discharging his ethical duty to advise the public of judicial wrongdoing. Respondent is being sanctioned, not for exercising his right to criticize the judiciary but for making false and unsubstantiated charges against the judiciary.
We accept the referee's recommendation and publicly reprimand respondent.
Judgment for costs in the amount of $467.15 is hereby entered against respondent for which sum let execution issue.
It is so ordered.
EHRLICH, C.J. and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.