PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee’s report filed pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
The respondent, Nathaniel W. Tindall, II, was involved in a declaratory action in which he, as plaintiff, sought a determination of his rights regarding a business transaction. Upon an unfavorable ruling from the circuit judge, the respondent filed a complaint in the United States District Court, Middle District of Florida, alleging racketeering activities on the part of the defendants to the civil action. In the complaint, the respondent accused the aforementioned circuit judge of unfair disposition of the case and of accepting bribes from the defendant. The respondent testified at the final hearing that he had no evidence establishing any improper activity on the part of the circuit judge.
The referee recommended that the respondent be found guilty of violating disciplinary rules 7-102(A)(l) (asserting a position when it is obvious that such action would serve merely to harass or maliciously injure another); and 8-102(B) (knowingly making false accusations against a judge) of The Florida Bar’s Code of Professional Responsibility. The referee recommended that the respondent be disciplined with a public reprimand.
We approve all the recommendations in the referee’s report. Although the respondent argues that a private reprimand would suffice as discipline in this instance, we believe that his conduct warrants a public reprimand. Had the respondent merely verbalized his accusations in the heat of a bad day in court, perhaps a private reprimand would have been in order. However, the respondent went to the extreme of formalizing his admittedly unsubstantiated, serious charges against a member of the judiciary by including them in a complaint, and later in an amended complaint filed in the United States District Court. We believe this conduct rises above the level of minor misconduct.
Accordingly, we hereby publicly reprimand Nathaniel W. Tindall, II, and the reprimand shall be published in the Southern Reporter, Second Series. The Florida *450 Bar’s costs in this proceeding are assessed against the respondent. Judgment is entered against Nathaniel W. Tindall, II in the amount of $1,501.05, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.