675 So.2d 103 (1996)
THE FLORIDA BAR, Complainant,
v.
Phillip R. WASSERMAN, Respondent.
Nos. 83818, 84438 and 84814.
Supreme Court of Florida.
March 21, 1996.
Rehearing Denied May 15, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Stephen C. Whalen, Assistant Staff Counsel, Tampa, for Complainant.
Scott K. Tozian of Smith and Tozian, Tampa, for Respondent.
PER CURIAM.
We have for review three consolidated complaints of The Florida Bar and the referee's report regarding alleged ethical breaches by Phillip R. Wasserman. We have jurisdiction. Art. V, § 15, Fla. Const.
In case number 83,818, the referee recommends that Wasserman be found guilty of violating Rules Regulating The Florida Bar 3-4.3 (committing an act that is unlawful or contrary to honesty or justice) and 4-3.5(c) *104 (engaging in conduct intended to disrupt a tribunal) and be given a sixty-day suspension. In case number 84,814, the referee recommends that Wasserman be found guilty of violating Rules Regulating The Florida Bar 3-4.3 (committing an act that is unlawful or contrary to honesty or justice) and 4-8.4(a) (violating Rules of Professional Conduct) and be given a six-month suspension. In case number 84,438, the referee recommends that Wasserman be found not guilty.
The recommendation of guilt in case number 83,818 is based on the following findings of fact. On August 23, 1993, Wasserman attended a hearing before Judge Bonnie Newton and lost his temper after a ruling by Judge Newton. He stood and shouted his criticism, he waved his arms, he challenged Judge Newton to hold him in contempt and displayed his arms as if to be handcuffed, he stated his "contempt" for the court, he banged on the table and generated such a display of anger that the bailiff who was present felt it necessary to call in a backup bailiff. Immediately thereafter, outside the hearing room, in the presence of both parties and opposing counsel, Wasserman stated that he would advise his client to disobey the court's ruling.
In case number 84,814, the recommendation of guilt is based on the following findings of fact. On April 14, 1994, after getting an unfavorable response to a question asked over the telephone of Judge John Lenderman through his judicial assistant, Wasserman said to the assistant, Cynthia Decker, "You little motherf_____; you and that judge, that motherf_____ son of a b____." Ms. Decker was so upset by the incident that she had to leave the office early that day.
These findings of fact, which are supported by competent, substantial evidence, support the recommendations of guilt in case numbers 83,818 and 84,814. Therefore, we approve the findings and recommendations of guilt in those cases. We also approve the recommendation that Wasserman be found not guilty in case number 84,438.
First, we address Wasserman's challenges to the referee's recommendation of guilt in case number 84,814. We reject Wasserman's contention that his conduct does not violate Rule of Discipline 3-4.3. Rule 3-4.3 reads in pertinent part:
The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, ... whether or not the act is a felony or misdemeanor, may constitute a cause for discipline.
Wasserman was found guilty of indirect criminal contempt for his conduct. Moreover, as noted by the referee, Wasserman's theory of defensethe judicial assistant concocted the words said by Wasserman or alternately, that if he said the words, he thought that he had hung up the telephone"manifests a serious lack of a sense of the importance of truth and forthrightness in legal proceedings." We also reject Wasserman's argument that this Court may not discipline an attorney for violating Rule of Discipline 3-4.3.[1] On numerous occasions, this Court has disciplined attorneys for violating Rule 3-4.3. See, e.g., Florida Bar v. Pearce, 631 So.2d 1092 (Fla.1994) (attorney who failed to file two income tax returns found guilty of violating rule 3-4.3 and other rules); Florida Bar v. Stillman, 606 So.2d 360 (Fla.1992) (attorney who made misrepresentations to a mortgage company was found guilty of violating rule 3-4.3 and other rules); Florida Bar v. Williams, 604 So.2d 447 (Fla.1992) (attorney who failed to diligently represent client, made false and misleading statements to grievance committee, violated rule governing trust accounts, and committed other similar acts was found guilty of violating rule 3-4.3 and other rules); Florida Bar v. Anderson, 594 So.2d 302 (Fla.1992) (attorney who embezzled public funds found guilty of violating rule 3-4.3 and rules 4-8.4(a) & (b)).
Finally, we reject Wasserman's contention that his statements to the judicial assistant are protected by the First Amendment to the United States Constitution and article I, section 4 of the Florida Constitution. *105 It is clear that the right to free speech under the federal and Florida Constitutions does not preclude the disciplining of a lawyer for speech directed at the judiciary. In re Shimek, 284 So.2d 686, 689 (Fla.1973).
Both Wasserman and the Bar challenge the recommended sixty-day suspension in case number 83,818. Wasserman maintains that in light of the circumstances under which the misconduct occurred, the mitigation shown, and the discipline imposed in cases involving similar attorney misconduct, the recommended sixty-day suspension is excessive. The Bar, on the other hand, takes the position that a six-month suspension is more appropriate in light of the serious nature of the misconduct, the potential injury to the parties, and Wasserman's prior disciplinary record.
First, we cannot agree that the fact that Wasserman's outburst and stated intent to counsel his client to defy a court order occurred "during an emotionally charged custody hearing and [were] done in the heat of battle" somehow transforms Wasserman's egregious behavior into "minor misconduct." Moreover, because Wasserman has been publicly disciplined on three prior occasions, his misconduct in this case cannot be considered minor.[2] R. Regulating Fla. Bar 3-5.1(b)(1)(C) (in absence of unusual circumstances misconduct shall not be regarded as minor if the respondent has been publicly disciplined in the past five years). We also cannot agree that the referee failed to adequately consider the mitigation presented. In recommending the sixty-day suspension, the referee considered in mitigation Wasserman's donations of time and money to Suncoast Child Protection Team, Inc., and his considerable pro bono legal services. Further, the referee considered in mitigation that "Wasserman admits his behavior was inappropriate and indicates he would not do the same again but, at the same time, he seems to feel such conduct is/was justified by a heavy caseload or the details of the litigation or as mere `theatrics.'"
We also reject Wasserman's argument that based on other attorney discipline cases, he should receive, at most, a public reprimand in case number 83,818. In support of this argument, Wasserman cites such cases as Florida Bar v. Flynn, 512 So.2d 180 (Fla.1987) (attorney who was charged with failure to inform a client that the client was on probation, threatening to present criminal charges solely to obtain advantage in a civil matter, and making false accusations against a judge was publicly reprimanded after filing conditional guilty plea in exchange for recommendation of public reprimand); Florida Bar v. Weinberger, 397 So.2d 661 (Fla.1981) (attorney, who apologized to judges involved, was publicly reprimanded for making public statements denigrating the courts and administration of justice), appeal dismissed, 454 U.S. 934, 102 S.Ct. 467, 70 L.Ed.2d 242 (1981); Florida Bar v. Clark, 528 So.2d 369 (Fla. 1988) (attorney publicly reprimanded for making repeated frivolous claims on appeal of a speeding ticket and for making unsubstantiated charges of conspiracy against judge), appeal dismissed, cert. denied, 488 U.S. 999, 109 S.Ct. 774, 102 L.Ed.2d 767 (1989); and Florida Bar v. Tindall, 550 So.2d 449 (Fla.1989) (attorney publicly reprimanded for including in a complaint unsubstantiated allegations that judge accepted bribes), cert. denied, 495 U.S. 919, 110 S.Ct. 1948, 109 L.Ed.2d 311 (1990). We find these cases distinguishable from the case at hand. Unlike Wasserman, who has been disciplined by this Court on four prior occasions, none of the attorneys reprimanded in these cases had a prior disciplinary history. Further, we find Wasserman's conduct more egregious than the misconduct that occurred in the cited cases.
*106 We agree with the Bar that Wasserman's prior disciplinary record in combination with the seriousness of his misconduct warrants a six-month suspension. We further believe that this suspension and the six-month suspension in case number 84,814 should run consecutively.
Accordingly, Phillip R. Wasserman is hereby suspended from the practice of law for a period of six months in case number 83,818 to be followed by a six-months' suspension in case number 84,814. The suspension in case number 83,818 will be effective thirty days from the filing of this opinion so that Wasserman can close out his practice and protect the interests of existing clients. If Wasserman notifies this Court in writing that he is no longer practicing law and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Wasserman shall accept no new business from the date of this opinion until the suspension is completed. Before Wasserman may be reinstated, he must prove rehabilitation. R. Regulating Fla.Bar 3-5.1(e). Judgment is entered against Wasserman for costs in the amount of $4,224.40 for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
OVERTON, J., recused.
NOTES
[1] We note that Wasserman does not make this argument with respect to the referee's recommendation that he be disciplined for violating rule 3-4.3 in case number 83,818.
[2] In 1990, Wasserman was publicly reprimanded for charging an excessive fee, failing to competently handle a legal matter, failing to act with reasonable diligence, and failing to promptly deliver funds and render a full accounting to his client. Florida Bar v. Wasserman, 557 So.2d 868 (Fla.1990) (table). In 1992, Wasserman was publicly reprimanded and placed on probation for one year for violating the rules regulating trust accounts. Florida Bar v. Wasserman, 598 So.2d 79 (Fla.1992) (table). In 1993, Wasserman was admonished for failing to communicate diligently with opposing counsel, engaging in conduct prejudicial to the administration of justice, and failing to protect his client's interest. In 1995, Wasserman was suspended for sixty days for charging a prohibited fee and continuing to practice law after notification of suspension. Florida Bar v. Wasserman, 654 So.2d 905 (Fla.1995).