PER CURIAM.
This disciplinary proceeding by The Florida Bar against Charles M. Mims, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
*597 II. Findings of fact as to each item of misconduct of which the Respondent is charged. After considering all the pleadings and evidence before me, pertinent portions of which are commented on below, I find as follows:
(A) That a review of the exhibits and the testimony presented reveals that The Florida Bar has failed to demonstrate that Respondent is guilty of violating DR5-105(B), DR5-105(C), DR5-104(A) or DR1-102(A)(6) as alleged in Count I of the Complaint. Rather, the evidence presented demonstrates that the actions of Respondent, in his capacity as trustee, were consistent with the documents creating the relationship of a trustee between himself, Thomas and Greta Gurr, Mae Mims, James D. Willis, and Lyman C. Jordan.
Further, his continued representation of Thomas and Greta Gurr did not involve the pre-Columbian art exhibit which was the subject of the trust, and thus no conflict was created between the Gurrs and the investors, Mae Mims, James D. Willis, and Lyman C. Jordan.
(B) Respondent does not contest the allegations contained in Count II of the Complaint that he violated DR6-101(A)(3), DR7-106(A) and DR7-106(C)(5)....
(C) A review of the evidence presented reveals that Respondent failed to comply with Court orders, failed to appear at a scheduled pre-trial conference and has admitted to neglecting a case before Judge William Stafford.
III. Recommendation as to whether or not the Respondent should be found guilty. I recommend that the Respondent be found not guilty of the allegations contained in Count I of the Complaint.
I further recommend that the Respondent be found guilty of the allegations contained in Count II of the Complaint, and specifically that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility, to-wit: DR1-102(A)(1) and (5), DR6-101(A)(3), DR7-106(A) and DR7-106(C)(5).
IV.Recommendation as to disciplinary measures to be applied. I recommend that the Respondent be suspended from the practice of law in Florida for a period of one (1) year and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(4). I- further recommend that Respondent be required to satisfactorily pass the ethics portion of The Florida Bar examination prior to the restoration of his privileges of membership in The Florida Bar.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Charles M. Mims, is hereby suspended from the practice of law in Florida, effective immediately, for a period of one (1) year and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(4). Respondent shall satisfactorily pass the ethics portion of The Florida Bar examination prior to the restoration of his privileges of membership in The Florida Bar.
Judgment for costs in the amount of $1,247.00 is hereby entered against respondent, for which sum let execution issue. It is so ordered.
McDonald, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.