PER CURIAM.
This proceeding is before the Court on the petition of The Florida Bar challenging the referee’s recommendation that Mims be suspended from the practice of law for three years. The Bar seeks disbarment. We have jurisdiction. Art. V, § 15, Fla. Const. We agree with The Florida Bar and find that Mims should be disbarred for his misconduct.
The referee found that Mims violated trust-accounting rules and procedures, commingled funds, misappropriated clients’ funds for his own use, collected attorney’s fees in excess of sums to which he was entitled, failed to complete a client’s matter, and failed to reimburse that client for unexpended costs. The referee found that Mims violated Rule 11.02(3)(a) (acts contrary to honesty, justice, or good morals), Rule 11.02(3)(b) (misconduct constituting a felony or misdemeanor), and Rule 11.02(4) (trust-accounting rules and procedures) of article XI of the former Florida Bar Integration Rule; and violated Disciplinary Rules 1-102(A)(2) (failure to carry out an employment contract), 1-102(A)(3) (illegal conduct constituting moral turpitude), 1-102(A)(4) (conduct involving dishonesty, deceit, or misrepresentation), 1-102(A)(6) (conduct adversely reflecting upon his fitness to practice law), 6-101(A)(3) (neglect of a legal matter), 7-101(A)(l) (failure to seek a client’s lawful objectives), 7-101(A)(3) (prejudicing a client during a professional relationship), and 9-102 (commingling funds) of the former Code of Professional Responsibility.
The referee recommended that Mims (1) be suspended from the practice of law for three years; (2) be required to make restitution to those clients affected by his misconduct and to reimburse The Florida Bar’s Client Security Fund for funds expended on his behalf; and (3) be required to successfully complete the Multistate Professional Responsibility Exam.
The Florida Bar cites Florida Bar v. Breed, 378 So.2d 783 (Fla.1979), and argues that Mims’ misappropriation of trust funds deserves the most severe sanctions possible. In Breed, we stated that the “misuse of clients’ funds is one of the most serious offenses a lawyer can commit,” id. at 785, and warned that, in the future, we would not be reluctant to disbar attorneys guilty of misappropriation even if no harm to the client results. Id. The Bar argues that the aggravating factors mandate disbarment. Mims’ conduct has caused injury to his clients. Further, he has a history of disciplinary problems, having recently received a one-year suspension for neglecting a client’s legal matter, failing to comply with court orders, and failing to attend a pretrial conference. The Florida Bar v. Mims, 501 So.2d 596, 597 (Fla.1987). In the instant case, Mims has again neglected a client’s legal matter.
The Florida Standards for Imposing Lawyer Sanctions, § 9.22 (1987), sets forth the following aggravating factors justifying an enhanced sanction:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
*673 (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of victim;
(i) substantial experience in the practice of law;
Cj) indifference to making restitution.
Mims has been found guilty of prior disciplinary offenses, and this case involves multiple offenses. In addition, the referee found that Mims was evasive with the Grievance Committee. Further, Mims’ victims were extremely vulnerable, one being a poor, unhealthy woman and another being both unemployed and uneducated. Finally, the referee found that Mims had practiced law for a substantial period of time. In mitigation, the referee found that Mims demonstrated a sincere interest in learning from his mistakes.
After careful consideration of the referee’s report, the record, and the briefs of the parties, we approve the referee’s findings of fact but find that, given the aggravating factors, disbarment is the appropriate discipline. Charles McCall Mims is hereby disbarred from the practice of law in Florida, effective immediately. Judgment for costs in the amount of $13,042.62 is hereby entered against Charles McCall Mims, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs with the finding of guilt, but dissents from the punishment and would follow the referee’s recommendation as to punishment.