574 So.2d 83 (1991)
THE FLORIDA BAR, Complainant,
v.
Edith BROIDA, Respondent.
Nos. 74378, 74825.
Supreme Court of Florida.
January 3, 1991.
Rehearing Denied February 28, 1991.
*84 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, Warren Jay Stamm, Bar Counsel, and Jacquelyn P. Needelman, Co-Bar Counsel, Miami, for complainant.
Edith Broida, Miami Beach, in pro. per.
PER CURIAM.
We have for review a referee's report which recommends that Edith Broida, a member of The Florida Bar, be suspended for violating numerous rules governing professional conduct. We have jurisdiction pursuant to article V, section 15, Florida Constitution, and approve the referee's report and adopt his recommendations.
The bar filed two complaints against Broida. She responded to the first (case no. 74,378) and participated in a referee's hearing on that complaint, but ignored the second (case no. 74,825). The referee made the following findings of fact:
Supreme Court Case No. 74,378
That Robert M. Klein (hereinafter referred to as "Klein") represented Samuel Smith in a legal malpractice case filed by Respondent in Edith Broida v. Samuel Smith, Case No. 84-27693 CA-10, Dade County, Florida.
That on or about September 24, 1985, Respondent argued an ex parte Motion for Change of Venue before the Honorable Judge MacKenzie.
That Respondent failed to serve Klein with either a copy of such Motion or notice of hearing and gave Klein no prior notice of the hearing, mailing the Motion for Change of Venue to Klein on September 24, 1985.
That on or about September 24, 1985, the Honorable Judge MacKenzie entered an Order Granting Change of Venue.
That although the case was transferred to Broward County on or about October 28, 1985, Respondent's failure to pay the transfer fees deferred assignment of this case to a Broward County judge for two months.
That on or about April 16, 1986, Honorable Judge Paul Marko, III, ordered the case transferred back to Dade County Circuit Court.
That on or about October 22, 1986, the Fourth District Court of Appeal in Case No. 4-86-1121 affirmed Judge Marko's decision and transfer of the case back to Dade County Circuit Court.
That on or about December 12, 1986, the Fourth District Court of Appeal in Case No. 4-86-1121 denied Respondent's Motion for Sanctions, Motion for Rehearing and Motion for Rehearing en banc.

That on or about March 3, 1987, the Fourth District Court of Appeal issued a Mandate on this matter remanding the case back to Dade County.
That on or about March 10, 1987, Respondent secured an ex parte order from Broward County Judge Berkowitz returning the files to Broward County since Respondent represented to Judge Berkowitz that the return of the file to Dade County was premature since there were pending motions and hearings before the Broward County Court.
That Respondent failed to serve Klein with a copy of the Motion or notice of hearing on Respondent's Motion for Return of File to Broward County.

*85 That in fact, there were no legally pending motions or hearings before Broward County Courts.
That Respondent led Judge Berkowitz to believe that such Order was an agreed order between the parties and that all parties agreed to the transfer back to Broward County.
That as a result of Respondent's misrepresentations to the Court, on or about March 27, 1987, Klein had to file a Petition to Enforce Mandate or in the Alternative Petition for Writ of Mandamus, Petition for Writ of Certiorari and Petition for Writ of Prohibition with the Fourth District Court of Appeal.
That on or about December 18, 1987, the Fourth District Court of Appeal granted Klein's Petition to Enforce Mandate, directing the Clerk of Broward County to transfer the file to the Clerk of Dade County pursuant to the Mandate issued on March 3, 1987.
That this case proceeded forward in Dade County.
Supreme Court Case No. 74,825
That Respondent represented Marion D. Sherrill and Dorothea E. Sherrill in that matter styled Professional Savings Bank, Plaintiff, v. Marion D. Sherrill and Dorothea E. Sherrill, Defendants, Circuit Court Case No. 88-28230 CA 03, Dade County, Florida.
That counsel for the plaintiff in the Circuit Court action was Julie Feigeles, Esquire.
That the Circuit Court action was a suit on an unsecured promissory note.
That at all times material hereto, said action was being heard by the Honorable Judge Stuart M. Simons, Eleventh Circuit, Dade County, Florida.
That also pending in the Eleventh Circuit, General Jurisdiction Division, was an action styled Professional Savings Bank, Plaintiff v. Sanbar Arabians, Inc., Marion D. Sherrill, Dorothea E. Sherrill, etc., Defendants, Circuit Court Case No. 88-24792 CA 17, Dade County, Florida, in which Respondent was also counsel for the Defendants, Sherrill.
That said action was for the foreclosure of a mortgage.
That at all times material hereto, said action was being heard by the Honorable Judge George Orr, Eleventh Circuit, Dade County, Florida.
That incident to the underlying action on the unsecured promissory note then pending before Judge Simons (Circuit Court Case No. 88-28230 CA 03) Respondent, on December 27, 1988, filed a Request for Production of Documents requesting numerous documents unrelated to the claim on the unsecured note.
That Plaintiffs filed a Response to Request for Production objecting to the request on grounds that the requests were overbroad, made for the purpose of harassing and burdening Plaintiff and were irrelevant.
That Plaintiff did produce those documents which were in fact relevant and properly discoverable in this action.
That prior to argument on Plaintiffs' objections, Respondent filed a subpoena duces tecum for deposition requesting Plaintiffs' agents to produce at deposition the same documentation as originally requested and objected to in the Request for Production and Objections to Request for Production.
That said subpoena for deposition was issued February 2, 1989 setting the deposition for February 8, 1989, six days later.
That Plaintiff timely filed on February 3, 1989, a Motion for Protective Order stating that the requested documentation as set out in the subpoena duces tecum was identical to that requested and objected to in the Defendant's Request for Production. Additionally, Plaintiff stated that the requested documents were not relevant to the underlying action.
That said Motion for Protective Order was set down for hearing February 16, 1989.
That in response to Plaintiffs' Motion for Protective Order, Respondent filed, on February 15, 1989, a Motion by Defendant for Judgment, for Sanctions and *86 Costs on Obdurate refusal by Plaintiffs to permit Discovery alleging that:
A. Plaintiffs objected to the taking of Plaintiffs' agent's deposition with no valid reason other than as a delaying tactic.
B. That attorney for Plaintiffs lacks the legal ability to understand what is transpiring or expects the Court to support her wrongdoing.
C. That the reason for Plaintiffs' attorney's deception to the Court is to generate fees.
D. That Plaintiffs' attorney is incompetent and unable to read and understand documents or is not qualified to conduct a deposition.
E. That Plaintiffs and their attorney are engaged in collusion, fraud, deliberate delaying of the cause and an unwarranted refusal by Plaintiffs to produce themselves for deposition.
That Plaintiffs' Motion for Protective Order was heard on February 16, 1989. At hearing, Judge Simons expressed his concern about the competency of Respondent stating:
"Because I have developed a certain mindset having nothing to do with this particular case but because of certain conversations concerning you [Respondent Broida] long before I had this case, I have developed a certain feeling about your competence and about your trustworthiness and other matters and your ability to properly function before the Court and it's really not fair for your clients for me to hear the matter, particularly now in the view of the fact that I will refer this matter to The Florida Bar for an investigation in terms of whether there has been a breach of [the] canon of ethics by you or Plaintiffs' attorney in terms of the allegations of fraud. That being so, I don't think it is fair for me to hear the case any longer. I am going to recuse myself and refer the matter to The Florida Bar for such actions they feel appropriate in such actions made by the movant and see whether there is any violations of the canon of ethics by either attorney in this case."
In accordance with the above statements made by Judge Simons, he recused himself from presiding over the remainder of the case.
That in the case of Professional Savings Bank, Plaintiff v. Sanbar Arabians, Inc., Marion D. Sherrill, Dorothea E. Sherrill, etc., Defendants, Case No. 88-24792 CA 17, Judge Orr was also forced to recuse himself based on statements and allegations by Respondent about the Judge and Plaintiffs' counsel.
That Respondent has engaged in the following activity:
A. Raised and filed frivolous claims and counter claims against Plaintiffs in the underlying civil action which are not supported by Florida law or the Rules of Civil Procedure.
B. Noticing depositions of non-parties without following the appropriate rules of Civil Procedure.
C. Providing insufficient notice for hearings.
D. Filing of an Amended Counter Claim which was dismissed by Judge Simons as a "rambling discourse of narration".
E. Continuously misrepresenting facts to the Court.
F. Personally attacking the integrity of multiple lawyers and judges with whom Respondent has come in contact.
G. Unnecessarily delaying court actions and proceedings by filing frivolous pleadings.
Based on these findings, the referee found that Broida had violated the following Rules Regulating The Florida Bar: 4-1.1 (competence), 4-1.3 (diligence), 4-3.3 (candor toward a tribunal), 4-3.4(d) (making a frivolous discovery request or intentionally failing to comply with opposing party's proper discovery request), 4-3.5 (compromising the integrity and decorum of a tribunal), 4-4.1 (truthfulness in statements to others), 4-8.2(a) (making statements known to be false or with reckless disregard of the truth concerning a judge's qualifications or integrity), 4-8.4(a) (violating rules of conduct), 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), *87 and 4-8.4(d) (conduct prejudicial to the administration of justice). The referee recommends a one-year suspension from the practice of law.
"A referee's findings of fact are presumed correct and will be upheld unless clearly erroneous and lacking in evidentiary support." The Florida Bar v. Neely, 502 So.2d 1237, 1238 (Fla. 1987). Our review of the record discloses competent, substantial evidence supporting the referee's findings, and we hereby approve them. We also agree with the referee that a one-year suspension is warranted. As the referee stated in commenting on Broida's "continuing pattern and course of conduct in engaging in ex parte communications with the courts":
We are an adversary system but one in which each party shall be afforded the opportunity to advocate their respective positions equally. There are rules of civil and appellate procedure which have been adopted, codified and must be followed to be sure that justice and fairness applies to each and every one of us.
I have also taken into account Ms. Broida's past reputation in the community and her outstanding contribution to our community and legal profession. She has been a member of our legal profession and trial bar for almost four decades.
It is precisely this experience and knowledge that she has that makes her actions and inactions inexcusable. Her tenure in the legal profession does not afford her the privilege or right to unilaterally decide when the rules should apply and when they should not; that is within the province of the court.
We agree.
Therefore, we hereby suspend Edith Broida from the practice of law for a period of one year from the date this opinion is filed.[*] We also enjoin her from practicing law until she is reinstated in The Florida Bar. Costs in the amount of $4,055.42 are hereby entered against Broida, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Because Broida was automatically suspended in 1989 for nonpayment of dues and failure to comply with the continuing legal education requirements, we assume that she is not practicing and that she has complied with the requirements of rule 3-5.1(h), Rules Regulating Fla. Bar. Thus, we see no need to defer the effective date of her suspension.