609 So.2d 583 (1992)
THE FLORIDA BAR, Complainant,
v.
Ray SANDSTROM, Respondent.
No. 77773.
Supreme Court of Florida.
October 29, 1992.
Rehearing Denied January 5, 1993.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David M. Barnovitz, Bar Counsel, Ft. Lauderdale, for complainant.
Kayo E. Morgan, Ft. Lauderdale, for respondent.
PER CURIAM.
Ray Sandstrom petitions for review of the findings of fact, recommendations regarding guilt and sanctions, and statement of costs contained in a referee's report filed against him. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
The Florida Bar filed a complaint against Sandstrom based upon his representation of Robert Arner in a criminal prosecution. Arner was convicted of the first-degree murder of his wife, but the conviction was subsequently set aside by the trial court based upon Arner's motion to vacate filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion to vacate was predicated upon allegations of ineffective assistance of counsel because Sandstrom failed to properly investigate and present evidence that would have established that the wife's death was attributable to medical malpractice rather than the actions of Arner. The trial court's order also outlined other failures in Sandstrom's representation of Arner. The Florida Bar charged Sandstrom with violating Disciplinary Rules 6-101(A)(2) (lawyer shall not handle a legal matter without preparation adequate in the circumstances) and 6-101(A)(3) (lawyer shall not neglect a legal matter entrusted to him), of the former Code of Professional Responsibility, based upon his lack of preparation, lack of investigation, and other failures in representing Arner.
Prior to the referee's hearing, the bar placed the transcript of Arner's trial and the record of the rule 3.850 proceeding into evidence and submitted a memorandum of law with citations to the relevant portions of those records. At the hearing, the referee indicated that he had read both records. The referee heard argument from both the bar and Sandstrom as to whether the record contained evidence to support each of the allegations in the complaint. The referee's report contained the following findings relating to Sandstrom's representation of Arner: Sandstrom failed to take any pretrial depositions; failed to conduct a proper investigation as related to evidence available to establish that the proximate cause of the wife's death was medical malpractice; failed to timely challenge the admission of evidence relating to a search of Arner's car trunk; failed to discover that a fence, surrounding the scene of the alleged crime and injurious to Arner's defense, was not erected until over a year after the alleged crime; failed to present a tape recording to impeach a prosecution witness; and failed to become familiar with or know the physical evidence in the case. The referee made the following recommendations regarding guilt and sanctions:

*584 By virtue of his lack of preparation, lack of investigation and his failures recited in paragraphs A through J, inclusive of my findings of fact, respondent violated Disciplinary Rules 6-101(A)(2) and 6-101(A)(3) of the Code of Professional Responsibility which provide that a lawyer shall not handle a legal matter without preparation adequate in the circumstances and shall not neglect a legal matter entrusted to him.
... .
I recommend that respondent be suspended from the practice of law for one year.
The referee also recommended that the costs of the proceeding be taxed against Sandstrom, including the cost of copying the records of the murder trial and the rule 3.850 hearing.
Sandstrom disputes the referee's findings of fact and alleges that the copy costs assessed against him are excessive. In support of these arguments, Sandstrom cites specific references in both the trial record and the record of the 3.850 hearing. Sandstrom also cites Hallman v. State, 371 So.2d 482 (Fla. 1979), abrogated on other grounds by Jones v. State, 591 So.2d 911 (Fla. 1991), to support his contention that Arner could not avoid criminal liability for the wife's head injuries even if medical malpractice were established as the proximate cause of death. Thus, Sandstrom contends, there was no prejudice to Arner on this point.
In disciplinary proceedings, the referee's findings should be accorded substantial weight, and should not be overturned unless clearly erroneous or lacking in evidentiary support. The Fla. Bar v. Wagner, 212 So.2d 770 (Fla. 1968). Sandstrom has not shown that the referee's findings are clearly erroneous or lacking in evidentiary support. Instead, Sandstrom disputes the referee's view of the impact of the evidence, as well as the weight that should be accorded that evidence. After reviewing the record, we find that the referee's report is supported by competent, substantial evidence showing that Sandstrom failed to adequately prepare for his representation of Arner, failed to properly investigate the case, and was deficient in his performance as defense counsel. As to the medical malpractice issue, we note that two doctors testified at the rule 3.850 hearing that medical malpractice was the sole cause of the wife's death, and that she probably would have fully recovered from the blow to her head. Thus, Sandstrom's failure to properly investigate this issue did result in prejudice to Arner. Therefore, we conclude that Sandstrom is guilty of violating disciplinary rules 6-101(A)(2) and 6-101(A)(3).[1]
Sandstrom argues that a public reprimand rather than the referee's recommended one-year suspension is the appropriate discipline for violating these rules. Although we do not agree with Sandstrom's argument, we also find the referee's recommended discipline to be too harsh a measure for Sandstrom's lack of preparation in representing Arner. In light of the record in this case and Sandstrom's previous private reprimand, we find that a sixty-day suspension is warranted.
Sandstrom also argues that the copy costs assessed against him are excessive. Sandstrom contends that the cost should be limited to $.10 per copy and assessed against only those portions of the record which the referee relied upon in his report. However, at a status conference prior to the referee trial, all parties agreed that the bar would file the transcript of the murder trial and the record of the rule 3.850 proceeding with the referee, and furnish a copy of the same material to Sandstrom. In the interest of an efficient final hearing, the bar stated its intention to offer those materials into evidence rather than "call each of the witnesses whose testimony is encompassed in [the] 3.850 hearing." Sandstrom's counsel agreed to the bar's proposal, and requested that the bar furnish to him all of the materials that the bar *585 submitted to the referee. As to the claim of excessive costs, Rule Regulating The Florida Bar 3-7.6(n) prescribes reproduction costs in a procedure before a referee at $1.00 per page. Thus, the referee's assessed copy costs of $.15 per copy against Sandstrom, for a total of $2,250 in copy costs, cannot be deemed excessive.
Accordingly, we adopt the findings and recommendations of the referee except as to the disciplinary measures to be applied. Sandstrom is suspended for sixty days, effective immediately. However, in order to protect the interests of existing clients, respondent is allowed a period of thirty days from the date of this order in which to wind up the affairs of clients, the representation of whom had commenced prior to the date of this order. Sandstrom shall notify clients of his suspension as required by rule 3-5.1(h), and is hereby prohibited from accepting any new clients and new business. Judgment is entered against Sandstrom for costs in the amount of $3,308.50, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
SHAW, J., dissents.
NOTES
[1] We note that most cases of ineffective assistance of counsel do not rise to the level of a disciplinary violation. However, the circumstances of this case involved such a flagrant lack of preparation and such deficient performance by counsel as to warrant the finding that Sandstrom violated the disciplinary rules.