PER CURIAM.
Respondent Stephen Witt has petitioned this Court to review the recommended disciplinary measures in the referee’s report. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution. We approve the referee’s recommended discipline.
The Bar filed a two-count complaint against Witt relating to his representation of several clients. Count I involves Witt’s representation of Donald Richerson in a worker’s compensation case and a personal injury case. Although Witt was retained in 1988, Richerson never received any evidence of activity on his two claims, despite numerous inquiries, until he notified Witt in 1991 that he was going to complain to the Bar. Witt responded by sending Richerson $1200 from Witt’s personal funds. This payment eq-ualled the amount that Richerson estimated that he was owed on the worker’s compensation claim, minus $400 for Witt’s fees. Witt never forwarded a release, a settlement agreement, or any follow-up paperwork. In March 1992, Witt filed Richerson’s personal injury suit without conferring with Richerson and without sending him a copy of the complaint. Witt did not give Richerson a copy of the Statement of Client’s Rights, nor did he discuss fees or costs with Richerson. There was no evidence of pretrial preparation by Witt.
Count II involves Witt’s representation of appellants in five appeals to the First District Court of Appeal. In each of the appeals, the district court issued a show cause order because Witt failed to timely file an initial brief. Two of the appeals were dismissed by the district court due to Witt’s failure to file a brief or respond to the show cause order. In two other appeals, Witt responded to the show cause orders by moving to dismiss the appeal, but the district court rejected the motions and ordered that briefs be filed. In one of those cases, the district court ultimately reversed on two of the issues contained in a supplemental brief ordered by the court.
The referee recommends that Witt be found guilty as to both counts of the complaint. As to Count I, the referee recommends that Witt be found guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.1 (a lawyer shall provide competent representation to a client; competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation); rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); rule 4-1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); rule 4-1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the *1359 client to make informed decisions regarding the representation); rule 4-1.5 (fees for legal services); rule 4 — 1.8(e)(1) (a lawyer shall not provide financial assistance to a client in connection with a pending or contemplated litigation, except that a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter); rule 4-1.8(e)(2) (a lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client); and rule 4-8.4(e) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).
As to Count II, the referee recommends that Witt be found guilty of violating the following Rules Regulating The Florida Bar: rule 4r-l.l; rule 4-1.3; rule 4-3.3(a)(l) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal); rule 4-8.4(c); and rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).
The referee recommends that Witt be suspended from the practice of law for ninety-one days and that he be required to petition the Court for reinstatement and prove rehabilitation. As a condition of rehabilitation, the referee recommends that Witt be required to take and pass the ethics portion of the Florida Bar Exam and to pay any costs associated with the exam. In recommending this discipline, the referee considered Witt’s personal history and past disciplinary record, including his admission to the Bar in 1977 and a private reprimand that he received in 1989.
Witt does not dispute the referee’s factual findings or findings as to guilt, but only argues that probation rather than suspension is the appropriate sanction. Witt claims that none of his clients lost any rights due to his inaction. As to Count I, Witt claims that Richerson failed to obtain the medical proof necessary to proceed to trial, and that Witt filed the action prior to the statute of limitations in order to avoid injury to Richerson. As to Count II, Witt contends that the appeals were either without merit, ultimately rejected, or resolved in the appellants’ favor. Witt contends that suspension is inappropriate under Florida Standards for Imposing Lawyer Sanctions, which distinguish between the disciplinary measures of suspension, public reprimand, and admonishment based upon injury to the client. Witt also contends that the referee should have considered absence of a dishonest or selfish motive as a mitigating factor because he has not gained anything in the cases which prompted this disciplinary proceeding.
Witt cites neither case law nor portions of the record to support his position that suspension is not warranted. Instead, his argument hinges on his claim that no injury resulted from his inaction. Florida Standards for Imposing Lawyer Sanctions defines injury as “harm to a client, the public, the legal system, or the profession which results from a lawyer’s misconduct.” Fla.Stds. for Imposing Law.Sancs.Definitions. The standards also define potential injury as “the harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer’s misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer’s misconduct.” Id Based upon these definitions, we do not agree with Witt’s assertion that no client injury occurred here. In an order reprimanding Witt for his failure to timely perform acts required by the Florida Rules of Appellate Procedure,[1] the First District Court of Appeal outlined Witt’s history of inaction and stated that “[t]his pattern of practice shows a disregard for the rights of Mr. Witt’s clients and for the rules and orders of this court.” In re W.L.M., No. 91-3319 (Fla. 1st DCA Mar. 10, 1992) (order reprimanding Witt for failure to timely file initial brief or respond to show cause order issued by court). The order also noted that “[a]t least two appeals have been dismissed because counsel failed to tender an initial brief on behalf of his client.” Id. We also *1360 find potential injury to Witt’s clients because, but for the intervening factors of the district court’s order and the threat of disciplinary action by this Court, Witt’s clients might have received no representation. Moreover, by continuously forcing the district court to deal with his inaction, Witt has injured the legal system.
We also note that Witt’s private reprimand in 1989 was prompted by his failure to contact his clients’ creditors as requested and failure to keep the clients informed on the status of their case. Witt’s continuing pattern of inaction in client representation has caused both injury and potential injury to the legal profession.
Based upon the other cases where an attorney was disciplined for neglecting a client’s action, the referee clearly could have recommended a more severe discipline. See, e.g., The Fla. Bar v. Bazley, 597 So.2d 796 (Fla.1992) (imposing eight-month suspension for misrepresenting status of client’s claim); The Fla. Bar v. Mims, 501 So.2d 596 (Fla.1987) (imposing one-year suspension for failure to comply with court orders and appear at scheduled pretrial conference, and for neglect of case). Thus, we find no merit to Witt’s argument that suspension is not appropriate in this case.
Accordingly, Witt is hereby suspended from the practice of law for ninety-one days. He shall petition this Court for reinstatement, and must prove rehabilitation. As a condition of rehabilitation, Witt shall take and pass the ethics portion of the Florida Bar Exam and pay all costs associated with the exam. This sanction will be effective thirty days from the filing of this opinion so that Witt can close out his practice and protect the interests of existing clients. If Witt notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Witt shall accept no new business from the date this opinion is filed. Judgment is entered against Witt for costs in the amount of $2,316.09, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. The Florida Bar entered this order into evidence before the referee. The referee's report cited the order in the factual findings.