PER CURIAM.
The Florida Bar petitions this Court for review of the referee’s findings and recommendation that attorney R. Michael Robinson receive a public reprimand and two years probation and be assessed the costs of the proceedings along with other disciplinary sanctions. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a two-count complaint against Robinson. Count one alleged that Robinson had failed to adequately communicate with a client. Count two alleged Robinson had neglected to file a notice of appeal on behalf of another client. The Bar subsequently filed a second complaint against Robinson alleging he had failed to adequately prepare for another client’s criminal trial. All three cases were consolidated for hearing before a referee.
At the hearing before the referee, the Bar presented substantial evidence to prove the three charges against Robinson as set out above. In response, Robinson offered mitigating evidence. As to the inadequate communication charge, for example, Robinson stated that his client had moved several times and his client had also been hospitalized in the psychiatric units of two different Veterans’ Administration hospitals.
As to the inadequate trial preparation charge, Robinson claimed that he nonetheless competently represented his client at trial, and his client was found guilty of lesser charges. The client’s appellate attorney corroborated this testimony.[1] Robinson has called to our attention, without objection from the Bar, that since this case was heard, the Second District reversed both of his client’s convictions on issues that Robinson preserved for review during trial, see Holmes v. State, 642 So.2d 1387 (Fla. 2d DCA 1994). In addition, Robinson notes that his other client has been granted permission to file a belated appeal.
At the conclusion of the disciplinary hearing, the referee found Robinson guilty of all three charges and recommended that Robinson be publicly reprimanded and placed on two years probation.[2] In support of his recommended discipline, the referee found these additional mitigating circumstances: (1) Robinson had no prior disciplinary record; (2) Robinson’s full and free disclosure to the disciplinary board and cooperative attitude toward the proceedings; and (3) Robinson’s good character and reputation.
The Bar asks this Court to disregard the referee’s recommendation and to suspend Robinson for 90 days. In support of the harsher discipline, the Bar cites to other disciplinary cases where we have imposed suspension rather than a public reprimand. See, e.g., Florida Bar v. Witt, 626 So.2d 1358 (Fla.1993); Florida Bar v. Sandstrom, 609 So.2d 583 (Fla.1992); Florida Bar v. Vernell, 374 So.2d 473 (Fla.1979). In light of the *556 mitigating circumstances and the carefully crafted disciplinary recommendation of the referee, we approve the findings of the referee and also adopt the recommendation for discipline, although we agree the issue on sanctions is close.
Initially, we find the cases cited by the Bar distinguishable from the instant case. The attorneys in Sandstrom, Vernell, and Witt, unlike Robinson, each had a prior history of misconduct. Robinson, on the other hand, has an unblemished record. Second, and most importantly, it appears the consequences of Robinson’s misconduct resulted in significantly less injury than that occasioned to the clients in the above-cited cases. Cf. Sandstrom. The referee addressed this issue, and we agree with the referee’s analysis on this point.
Although these are serious charges that we do not consider lightly, we agree with the referee’s recommendation of a public reprimand coupled with two years probation. We do not require that Robinson notify his clients of his reprimand. These sanctions will hopefully ensure that Robinson not only receives the message that such negligent conduct will not be tolerated, but also that his future conduct will be closely scrutinized and monitored by the Bar.
For all the foregoing reasons, we approve the referee’s recommendation and direct that Robinson receive a public reprimand and two years probation. The Florida Bar shall notify Robinson of the date and time he is to appeal’ before the Board of Governors to be publicly reprimanded.
Judgment is entered against Robinson for the costs in the amount of $2,117.37, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and AN STEAD, JJ., concur.

. Aside from this testimony, several other witnesses offered mitigating evidence. They testified that they had known Robinson for a number of years and in their opinion he was a competent lawyer who enjoyed a good reputation and was an upstanding individual.

. The referee also recommended the following disciplinary sanctions: (1) Robinson has to furnish a copy of the public reprimand order to all clients who have matters pending in his practice; and (2) Robinson has to provide The Florida Bar with a sworn affidavit listing the names and addresses of all clients who have been furnished copies of the order.