666 So.2d 887 (1996)
THE FLORIDA BAR, Complainant,
v.
Harold George UHRIG, Respondent.
No. 84,495.
Supreme Court of Florida.
January 18, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Carlos E. Torres, Bar Counsel, Orlando, for Complainant.
Hal Uhrig, pro se, Winter Park, Florida, for Respondent.
PER CURIAM.
Harold Uhrig petitions this Court to review the referee's findings and recommendations in a disciplinary proceeding. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a complaint against Uhrig after learning of an insulting and highly unprofessional letter he mailed to Dr. Carlos Carrera. A referee was timely appointed. The referee found the following facts.
Prior to March 7, 1994, Uhrig undertook the representation of Maritza Torres. The *888 objective was to clarify Carrera's responsibilities related to child support. Torres had been married to Carrera. On April 14, 1991, Torres and Carrera had been granted a final divorce judgment in Massachusetts. The judgment provided that child support payments would be made by Carrera. On March 7, 1994, Uhrig wrote a five-page letter addressed to Carrera. The letter, along with a verified Petition to Domesticate Foreign Judgment and to Modify, was served on Carrera on March 24, 1994. Uhrig acknowledged that his letter caused Carrera to feel disparaged, humiliated, offended, disappointed, and angry. Based on these findings, the referee concluded that Carrera was a member of the class intended to be protected by rule 4-8.4(d) of the Rules Regulating the Florida Bar. Furthermore, the referee found that the contested letter was singularly directed to the humiliation, embarrassment, and disparagement of Carrera. Finally, the referee recommended that Uhrig be found guilty of violating rule 4-8.4(d).
In this review, Uhrig first raises jurisdictional issues. We find no merit in these arguments. The Florida Constitution makes it clear that this Court has total and exclusive jurisdiction over the discipline of attorneys in Florida. Art. V, § 15, Fla. Const.
Uhrig next challenges the applicability of rule 4-8.4(d) to his situation. We find his complaints unconvincing. Among other prohibitions, the rule requires that practitioners refrain from knowingly humiliating litigants on any basis whatsoever. While Uhrig may envision a parade of horribles that could ensue if this rule is enforced in future cases, he is unable to show any reason why his conduct does not fall squarely within the realm of prohibited behavior. While we easily see independent grounds upon which to find the letter humiliating and disparaging, we also note that Uhrig stipulated to the nature of the letter.
We find that Uhrig's letter to Carrera was devoid of any purpose other than humiliation and disparagement. The inclusion of an inflammatory simile comparing Carrera's opinions to body odor is illustrative of the letter's overall tone. Furthermore, the letter expressly rejects the prospect of settlement or further discussions; instead, Uhrig tells Carrera that all further proceedings will be in court. Predicated upon these facts, we agree with the referee's recommendation as to Uhrig's guilt.
In summary, we approve the referee's findings and the recommended discipline of a public reprimand. Accordingly, we direct Uhrig to appear before the Board of Governors of the Florida Bar for the public reprimand. Judgment for costs in the amount of $1,552.20 is entered in favor of the Florida Bar, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.