697 So.2d 71 (1997)
THE FLORIDA BAR, Complainant,
v.
Gary Allyn BARCUS, Respondent.
No. 83988.
Supreme Court of Florida.
May 15, 1997.
Rehearing Denied July 1, 1997.
*72 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Arlene K. Sankel, Bar Counsel, Miami, for Complainant.
Louis M. Jepeway, Jr. of Jepeway and Jepeway, P.A., Miami, for Respondent.
PER CURIAM.
We have before us a referee's report regarding alleged ethical breaches by attorney Gary Allyn Barcus, who petitions for review of the referee's findings of fact and disciplinary recommendation. The Florida Bar cross-petitions for review. We have jurisdiction. Art. V, § 15, Fla. Const.
The Bar filed a complaint against Barcus in 1994 after a grievance process was instituted by Peter and Paula Mas, who retained Barcus in May 1989 to represent them in a lawsuit brought against them by Michael and Myrna Molina. The Mases and the Molinas, who were partners in a failed automotive parts business, had executed mortgages on their respective homes for a business loan. The loans went into default. The Molinas satisfied the full amount of the Mas mortgage, and the bank assigned the Mas mortgage to the Molinas. The Mases retained Barcus when the Molinas sued the Mases to foreclose the $22,500 mortgage. In July 1989, the Mases also retained Barcus in connection with a lawsuit against them by Dana Commercial Credit Corporation (Dana), to whom they owed debts related to the business failure. In January 1990, Peter Mas retained Barcus to represent him in a counterclaim against Dana related to the business failure. The lawsuits were consolidated.
In its complaint, the Bar alleged five counts of violations of the Rules Regulating The Florida Bar. In pertinent part, the referee's findings as to each count were as follows.

Count I
Neither Barcus nor Peter Mas appeared at a deposition scheduled for July 18, 1990, by attorneys for Dana. The deposition was rescheduled for August 1, 1990, at which time neither Barcus nor Mas appeared. Barcus deposed Peter Mas on Saturday, August 3, 1990, but did not mail a notice of deposition to Dana until August 8, 1990.

Count II
The second count concerns the appeal of a summary judgment order in a foreclosure action against the Mases. Peter Mas directed Barcus to appeal the order, and on March 15, 1991, Barcus filed a notice of appeal. Barcus advised Peter Mas that filing the appeal was for the purpose of delaying foreclosure and that Barcus would not pursue the appeal on behalf of the Mases. On April 19, 1991, Barcus filed a motion for extension of time to file his initial appeal brief. On July 31, 1991, a clerk's order was entered stating *73 that time for filing the brief had expired. On August 9, 1991, Barcus filed a notice of diligent prosecution. On August 16, 1991, the court dismissed the appeal upon its own motion. During grievance proceedings, Barcus produced a May 16 letter he purportedly sent to the Mases to confirm their earlier decision not to appeal. The Mases allege that they never advised Barcus not to pursue the appeal and that they were not provided with the May 16 letter until the grievance proceedings.

Count III
Peter Mas was charged with grand theft of property leased from Dana. Barcus refused to furnish documents requested by Mas's criminal defense attorney and did not comply with a subpoena duces tecum.

Count IV
Barcus was accused of failing to furnish notice of an ex parte motion seeking imposition of a lien on the Mases for $1800 they allegedly owed Barcus. After they discharged Barcus, their new attorney had the lien vacated.

Count V
Barcus failed to move for rehearing or to set aside or vacate the judgment of foreclosure against the Mases. On September 3, 1991, before the Mases dismissed Barcus, a judgment of mortgage foreclosure was entered against the Mases providing for foreclosure sale of their home on October 2, 1991. On September 12, 1991, Barcus advised Peter Mas that he would need to retain new counsel. Mases' new counsel filed a motion for a stay pending review in the pending civil proceedings. On October 1, 1991, an order was entered vacating the final judgment of mortgage foreclosure, stating that the court had erroneously signed the final judgment.
The referee made the following recommendations:
I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations, to wit:

As to Count I: Rules 4-1.3 (A lawyer shall act with reasonable diligence and promptness in representing a client) and 4-1.4(b) (A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation) of the Rules of Professional Conduct.

As to Count II: Rule 4-8.4(d) (A lawyer shall not engage in conduct that is prejudicial to the administration of justice) of the Rules of Professional Conduct.

As to Count V: Rule 4-1.3 (A lawyer shall act with reasonable diligence and promptness in representing a client) of the Rules of Professional Conduct.

As to Counts III and IV: I recommend that the Respondent be found not guilty of any violations of the Rules of Professional Conduct.
The referee found that Barcus was admitted to the Bar in 1985 and had no prior disciplinary history. The referee noted that the Mases took advantage of Barcus and psychologically manipulated him. The referee concluded that Barcus should be suspended for thirty days to be followed by four months of probation because Barcus violated his professional responsibility in failing to scrupulously follow the Rules Regulating The Florida Bar. The referee also ordered Barcus to attend and successfully complete the Bar's Practice and Professional Enhancement Program and to pay costs incurred by the Bar.
Barcus contests the referee's findings in Counts I, II, and V. As to the first count, he asserts that he wrote down the wrong date for the scheduled deposition; he did not receive timely notice of the rescheduled deposition; and after a frustrating attempt to again reschedule the deposition, he gave notice by telephone to Dana's counsel before deposing Mas on Saturday, August 3, 1990. Regarding the second count, Barcus argues that he filed the appeal at the Mases' request to prevent the imminent foreclosure of the Mases' home when they were undecided about whether to appeal the foreclosure or to file for bankruptcy. As to the fifth count, Barcus contends that he learned of the final judgment of foreclosure after it was entered, at which time he correctly advised the Mases that they should obtain new counsel because they had taken advantage of him by misrepresenting their financial condition. The new *74 counsel immediately filed a motion for stay, and an order was entered vacating the foreclosure judgment because it was signed by the court in error.
The Bar contends that the referee clearly erred in concluding that the Bar presented no competent evidence to support the allegations in the third and fourth counts of the Bar's complaint. As to the third count, the Bar argues that Barcus was obligated to give Peter Mas's criminal defense attorney the requested civil files because they were public records unburdened by the judicial order which Barcus claims prevented him from producing the documents. Concerning the fourth count, the Bar contends that Barcus should have given notice to the Mases of his motion for a charging lien.
A referee's findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986). If a referee's findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla.1992). We find that the record here contains competent, substantial evidence to support the referee's findings on all five counts. We therefore uphold the referee's findings of fact.
We turn now to the referee's recommended discipline. Our scope of review over disciplinary recommendations is broader than that afforded to findings of fact because it is our responsibility to order the appropriate punishment. Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). Nevertheless, a referee's recommendation of discipline is afforded a presumption of correctness unless the recommendation is clearly erroneous or not supported by the evidence. Florida Bar v. Niles, 644 So.2d 504, 506-07 (Fla.1994). After reviewing the record in this case, we do not agree with the referee's recommendation that Barcus be suspended for thirty days. We also disagree with the Bar's recommendation of a six-month suspension.
In support of its argument for a six-month suspension, the Bar cites Florida Bar v. Broida, 574 So.2d 83, 87 (Fla.1991), in which the respondent, who represented the plaintiff in a legal malpractice case, received a one-year suspension for misrepresenting facts to the court and engaging in a pattern of ex parte communications with the court. The Bar also cites Florida Bar v. Mims, 501 So.2d 596 (Fla.1987), in which the respondent received a one-year suspension as a result of his failure to comply with court orders, failure to appear at a scheduled pretrial conference, and neglect of a legal matter; and Florida Bar v. Witt, 626 So.2d 1358 (Fla. 1993), in which the respondent was suspended for ninety-one days as a result of his engaging in a pattern of neglect with regard to client representation. The Bar argues that these cases and the instant case are similar because the referees found the attorneys guilty of neglecting clients and of engaging in conduct prejudicial to the administration of justice in each situation.
However, we find that the cases cited by the Bar are factually different from the instant case. As to Broida, the case with a pattern of ex parte violations, the fourth count of the Bar's complaint in the instant case contains allegations regarding an alleged filing by Barcus of one ex parte motion for a partial charging lien. However, the referee concluded that the Bar failed to present competent evidence to prove that count of the complaint. We also find that the instances of neglect, lack of diligence, and conduct prejudicial to the administration of justice constituted far more distinct patterns of misconduct in Mims and Witt than did the instances found by the referee in the instant case.
Florida Standards for Imposing Lawyer Sanctions 4.42 states that suspension is appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client or engages in a pattern of neglect and causes injury or potential injury to a client. This Court deals more harshly with cumulative misconduct than it does with isolated acts. Florida Bar v. de la Puente, 658 So.2d 65, 70 (Fla.1995). In the case before us, Barcus *75 committed isolated acts of negligence, but we do not find a pattern of negligence which would require a suspension. We find this to be a case of an attorney who ineptly handled a difficult situation. There is no evidence that he purposefully neglected their case or tried to disadvantage them. We specifically note that there was no finding by the referee as to counts I, II, or V of any harm to the Mases. To the contrary, the actions of Barcus reflected a concern for the Mases' financial plight to the extent that he spent many hours counseling them and used money the Mases paid to him to cover costs of the lawsuit rather than his legal fees. The referee's report states: "This case is not unlike that old adage or homily that `no good deed goes unpunished.'" We conclude that the evidence does not support the referee's disciplinary recommendation of a thirty-day suspension and that suspension is not warranted. Rather, we believe that a public reprimand is the appropriate discipline. We order Barcus to appear before the Board of Governors of The Florida Bar to be reprimanded at a time scheduled by the Board. We also order Barcus to successfully complete the Bar's Practice and Professionalism Enhancement Program. Judgment for costs is entered in favor of The Florida Bar in the amount of $4,020.32, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDINGS and WELLS, JJ., concur.
GRIMES, J., dissents with an opinion in which ANSTEAD, J., concurs.
GRIMES, Justice, dissenting.
I agree that counts I and V were isolated acts of negligence which would not warrant more than a private reprimand. However, count II is a different matter. Barcus filed an appeal for the sole purpose of delay and with no intent to prosecute it to a conclusion. He then moved to extend the time to file his brief. When the time expired and the court entered an order that the appeal would be dismissed unless the brief was filed in ten days or the court was notified that the appeal was being diligently prosecuted, he had the audacity to file a notice of diligent prosecution. Because of this blatant act of misleading the court, I would follow the referee's recommendation that Barcus be suspended for thirty days.
ANSTEAD, J., concurs.