721 So.2d 1152 (1998)
THE FLORIDA BAR, Complainant,
v.
C. Randall SAYLER, Respondent.
No. 89493.
Supreme Court of Florida.
September 4, 1998.
Rehearing Denied December 15, 1998.
*1153 John F. Harkness, Jr., Executive Director, and John A. Boggs, Staff Counsel, Tallahassee, and Kevin P. Tynan, Bar Counsel, Fort Lauderdale, for Complainant.
C. Randall Sayler, Asheville, NC, Respondent, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by C. Randall Sayler, who petitions for review of the referee's findings of fact and disciplinary recommendation. We have jurisdiction. Art. V, § 15, Fla. Const.
The Bar filed a complaint against Sayler on December 9, 1996, based upon a grievance which was instituted by Joan I. Valdes, a lawyer representing the opposing party in a workers' compensation case in which Sayler represented Daniela Sayler, his wife. A referee was appointed, and a hearing was held. The following findings of fact were set forth by the referee in the referee's report:
1. Respondent represents Daniela Sayler, his wife, in a workers' compensation case styled Daniela Sayler v. Jotun-Valspar Marine Coatings, et al., which at the time of the final hearing was still pending.
2. Joan I. Valdes, the bar's complaining witness, represents Jotun-Valspar.
3. The above referenced litigation is a highly contested case in which both attorneys have made a myriad of allegations against one another.
4. At one point, Respondent stated he filed a formal written complaint alleging favoritism by state employees for the Valdes firm. Also, at one point in the litigation, Valdes accused respondent of stalking her and has made her, in her own words, "fear" of respondent known to the bar,[[1]] the court pleadings over the workers compensation case, and to the respondent himself.
5. On or about October 16, 1996, respondent sent a letter to Valdes which referenced the recent murder of an attorney *1154 who represented employers and servicing agents in workers' compensation cases....
6. In the letter, respondent quoted the news headlines used in The Palm Beach Post to announce the story and attached a printout of the subject articles. A copy of said letter and the attachment was admitted as The Florida Bar Exhibit A.
7. The Respondent maintained that the newspaper articles were relevant evidence in the Sayler case because they demonstrated the abuse of workers compensation claimants' rights. Though the respondent specifically wrote in his cover letter of October 6, 1996, "We are offering this evidence to support that there is a general public perception ... that certain servicing agents and their defense counsel have employed unfair tactics to save money at the expense of injured workers."
8. This Referee finds by "clear and convincing" evidence that the Palm Beach Post articles had no specific bearing upon the Sayler case. Respondent, when he sent said letter, knew or should have known that Valdes had misgivings about Respondent and even felt frightened of him. And that the action of the Respondent exacerbated this situation by his, at times, inappropriate and unprofessional actions.
9. Respondent has failed to provide any acceptable explanation as to why he sent the letter in question as to its direct relationship to the Sayler case. Rather, his focus during the trial was to attempt to impeach Valdes. Though Valdes could have handled this situation differently, I do not find that the testimony and evidence presented by respondent in any way affects Valdes' credibility.
10. Respondent knew or should have known that the letter, with the attached articles, would only embarrass, frighten or otherwise burden Valdes.
The Bar alleged that Sayler violated Rule of Discipline 3-4.3 of the Rules Regulating The Florida Bar, which prohibits commission by a lawyer of any act that is unlawful or contrary to honesty and justice; Rule of Professional Conduct 4-4.4, which prohibits a lawyer from using means during representation of a client that have no substantial purpose other than to embarrass, delay, or burden a third person; and Rule of Professional Conduct 4-8.4(d), which prohibits a lawyer from engaging in conduct prejudicial to the administration of justice.
After a hearing on the complaint, the referee found that Sayler was guilty of violating rules 3-4.3, 4-4.4, and 4-8.4(d). The referee found as aggravating factors that Sayler refused to acknowledge the wrongful nature of his conduct and that Sayler had substantial experience in the practice of law. The referee recommended that Sayler receive a public reprimand by the Board of Governors of The Florida Bar and successfully complete the Bar's Practice and Professionalism Enhancement Program. The referee also recommended that Sayler be placed on six months' probation with the additional condition that he be evaluated by Florida Lawyers Assistance, Inc. (FLA), or a psychologist designated by FLA within thirty days to determine whether the respondent needs professional counseling. The referee further determined that if FLA or its designated psychologist certifies that Sayler does not need counseling, then Sayler should be allowed to terminate his probation upon the successful completion of the Practice and Professionalism Enhancement Program.
In his petition for review, Sayler asks this Court to reject each of the referee's findings as to guilt, discipline, and the assessment of costs. Sayler argues that the letter he sent to Valdes on October 16, 1996, was free speech protected by the First Amendment of the United States Constitution.
A referee's findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. Florida Bar v. Barcus, 697 So.2d 71, 74 (Fla.1997). If a referee's findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. Id. We agree with the referee that respondent's conduct was not protected by the First Amendment to the United States *1155 Constitution. The First Amendment does not protect those who make harassing or threatening remarks about the judiciary or opposing counsel. See Florida Bar v. Wasserman, 675 So.2d 103, 104-05 (Fla.1996). Under Rule of Professional Conduct 4-8.4(d), lawyers are required to refrain from knowingly disparaging or humiliating other lawyers. See Florida Bar v. Uhrig, 666 So.2d 887, 888 (Fla.1996). We find that the record in this case contains competent, substantial evidence to support the referee's findings. We therefore uphold the referee's findings of fact.
We turn now to the referee's recommended discipline. Our scope of review over disciplinary recommendations is broader than that afforded to findings of fact because we bear the ultimate responsibility to determine the appropriate discipline. Florida Bar v. Rubin, 709 So.2d 1361, 1364 (Fla.1998). We approve the referee's recommendation that Sayler be publicly reprimanded by the Board of Governors of the Florida Bar and that he complete the Bar's Practice and Professionalism Enhancement Program. We also approve the referee's recommendation that Sayler be placed on six months' probation with the additional condition that he must, at his own expense, undergo a psychological evaluation through Florida Lawyers Assistance, Inc., and obtain any recommended treatment. The evaluation shall be obtained within thirty days from the date of this opinion and shall be provided to The Florida Bar for review. This is similar to a disciplinary measure we approved in Florida Bar v. Greenspan, 708 So.2d 926, 928 (Fla. 1998). If treatment is recommended, Sayler shall ensure that his therapist submits quarterly reports to The Florida Bar during the probationary period. The reports shall confirm Sayler's active participation in treatment and shall evaluate his ability to engage in the practice of law. Should a report indicate that Sayler is incapable of practicing law, the Bar shall take whatever action it deems appropriate. However, if no treatment is recommended, none shall be required. Sayler is directed to successfully complete the Practice and Professionalism Enhancement Program prior to the expiration of his probation. As a further condition of his probation, Sayler shall reimburse the Bar for all costs of monitoring his probation. Judgment for costs in the amount of $1,857.86 is entered against Sayler, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] The record reflects that on January 5, 1996, Valdes complained to the Bar in a handwritten letter that Sayler had stalked her by checking public records for information about her. The Bar found no probable cause to proceed on that complaint.