634 So.2d 160 (1994)
THE FLORIDA BAR, Complainant,
v.
John DOE,[1] Respondent.
No. 80701.
Supreme Court of Florida.
February 17, 1994.
Rehearing Denied April 4, 1994.
*161 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jan K. Wichrowski, Bar Counsel, Orlando, for complainant.
Respondent, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by respondent. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report.
The referee made numerous findings of fact, summarized below:
Respondent paid for a 7 x 11 inch article to be run in the West Orange Times weekly newspaper on December 19, 1991, and December 26, 1991, consisting of a lengthy and detailed list of "helpful tips if you are stopped [for drunk driving over the holidays]." The article advised the reader to "[c]lip and save these tips," and recommended inter alia that a driver, if stopped by police, take a breath mint, do not discuss his or her drinking with the officer, refuse to take a field sobriety test (e.g., finger to nose, walk the line), and under certain circumstances refuse to take a breath test. The article concluded with: "This document is provided as a public service to better educate the public as to their rights. It is not an advertisement of legal services and should not be considered as such." The article warned: "Neither is this document intended to give legal advice as to a specific case or situation. Your *162 situation may differ and you should consult the attorney of your choice for more information." Respondent's name, business address, and phone number were listed at the bottom of the article.
The referee recommended that respondent be found guilty of violating the following Rules Regulating the Florida Bar: rule 4-7.2(d) (the article failed to contain the required disclosures for lawyer advertising); rule 4-7.2(p) and 4-7.5(b) (respondent failed to submit the article to The Florida Bar's standing committee on advertising); and rule 4-7.3(f) (the article is potentially false or misleading in stating that it is not an advertisement). Prior to making a recommendation as to discipline, the referee noted that respondent had no prior disciplinary actions and had provided hundreds of hours of free public service work. The referee recommended that respondent be admonished by the Ninth Judicial Circuit Grievance Committee.
Respondent claims that his article is not an advertisement but a public service statement under rule 4-7.2(n), which provides in part:
(n) Permissible Content of Advertisements. The following information in advertisements and written communications shall be presumed not to violate the provisions of rule 4-7.1:
... .
(9) a listing of the name and geographic location of a lawyer or law firm as a sponsor of a public service announcement or charitable, civic, or community program or event.
Because it is not an advertisement, he insists, it is not subject to the rules' disclaimer and filing requirements. He testified that he was not trying to advertise his legal services through the article and did not receive any business from it. He further claims that the advertising rules are unconstitutionally vague and overbroad in that they fail to define "public service announcement," and that the disclaimer and filing requirements are being selectively enforced against him because the Bar found the content of his article objectionable.
The rules regulating lawyer advertising in Florida are constitutional. The Florida Bar: Petition to Amend the Rules Regulating The Florida Bar, 571 So.2d 451 (Fla. 1990). They are not overbroad, but rather "are narrowly tailored to further a substantial governmental interest." Id. at 460. Although the rules fail to define "public service announcement," this phrase standing alone is sufficiently specific to put Florida's lawyers on notice as to its meaning  it refers to a publication that benefits primarily the community, not a private entity. We note, however, that the referee has suggested that this Court adopt criteria distinguishing an advertisement from a public service announcement, including:
 Whether the attorney paid to have the article published;
 Whether the content of the message appears to serve the interests of the attorney as much as or more than the interests of the public;
 Whether the article contains legal advice;
 Whether the article concerns a legal subject;
 Whether the article contains information concerning the attorney's areas of practice, legal background, or experience.
We agree that these and other criteria may provide further guidance on this matter. We suggest that the appropriate committee of The Florida Bar undertake a study of this issue and submit its recommendations to this Court.
We approve the referee's finding that the article constitutes an advertisement for several reasons. First, respondent paid a significant advertising fee to the newspaper to obtain publication of the article. Second, a substantial portion of respondent's business arises from defending persons charged with drunk driving. Third, and most important, respondent arranged for his name, occupation, *163 business address, and phone number to be portrayed within the article in an extravagantly conspicuous manner. This information is listed at the bottom of the article in prominent, boldface print nearly as large as the title of the article itself, and is in startling contrast to the modest typeface of the text. We can conceive of no public service reason for this. By advising the reader to "clip and save these tips," respondent was in effect telling the reader to clip and save his name, business address, and phone number. Accordingly, we approve the referee's recommendation of guilt.
In mitigation, we note respondent's lack of prior discipline; his prior public service; and the unrebutted proof showing that he did not obtain any new clients through publication of the article. We approve the referee's recommended discipline and hereby order that respondent be admonished forthwith by the Grievance Committee of the Ninth Judicial Circuit as provided in rule 3-5.1(a). Judgment for costs in the amount of $1,126.00 is entered for The Florida Bar against respondent, for which sum let execution issue.
To provide guidance and instruction for Florida's lawyers, we direct that this opinion be published, but without reference to respondent's name.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
BARKETT, C.J., and KOGAN, J., concur in result only.
NOTES
[1] For reasons explained in this opinion, we direct that this opinion be published without reference to respondent's name.