641 So.2d 1341 (1994)
THE FLORIDA BAR, Complainant,
v.
Joel E. GRIGSBY, Respondent.
No. 81980.
Supreme Court of Florida.
September 8, 1994.
*1342 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Carlos E. Torres, Bar Counsel, Orlando, for complainant.
Kevin K. Broderick, Lakeland, and Joel E. Grigsby, pro se, Ashland, IL, for respondent.
PER CURIAM.
This attorney-discipline proceeding is before the Court on petition of The Florida Bar. The Bar seeks review of that portion of the referee's report that recommends Joel E. Grigsby be given a public reprimand. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The facts in this case are not in dispute. According to the referee's findings, Joel E. Grigsby was appointed to represent an indigent inmate who subsequently filed a grievance with the Bar alleging that Grigsby failed to communicate with him concerning his case. Twice the Bar asked Grigsby for a response and a copy of a letter he wrote the inmate. When neither was received, the matter was referred to the grievance committee. On several occasions the committee asked Grigsby for a response and the letter, but Grigsby failed to present either. Grigsby finally presented the letter at the grievance committee hearing, where it was determined that the inmate's complaint lacked merit. If Grigsby had timely provided a copy of the letter to the Bar when requested, there would have been no need for the grievance committee hearing. Grigsby admitted at that hearing that he had not responded to the Bar's repeated requests.
The Bar charged Grigsby with violating Rule of Professional Conduct 4-8.1(b) for failing to respond to a lawful demand for information from a disciplinary authority and with violating Rule of Professional Conduct 4-8.4 for violating the Rules of Professional Conduct. The referee found that Grigsby suffers from clinical depression for which he has voluntarily sought treatment, and although Grigsby's illness explained his conduct, it did not excuse it. Thus, the referee recommends that Grigsby be found guilty of the misconduct charged. As discipline, he recommends that Grigsby 1) be given a public reprimand, 2) be placed on three years' conditional probation, during which time Grigsby must continue therapy and be supervised by an attorney who will monitor his case files, and 3) be ordered to reimburse all monitoring costs to the Bar.
Before making this recommendation, the referee considered Grigsby's prior disciplinary record which consists of two prior instances of discipline. In the first, Grigsby was admonished before the Board of Governors for inadequate communication with a client and failure to respond to the Bar's inquiries concerning that grievance. In the second, Grigsby was given a three-months suspension because on three separate occasions he failed to act with reasonable diligence in representing his clients and failed to keep them informed. The Florida Bar v. Grigsby, 617 So.2d 321 (Fla. 1993). In view of this prior history, the Bar petitions for review of the referee's recommendation as to discipline and seeks a ninety-day suspension in addition to the three-year conditional probation recommended by the referee.
We approve the referee's findings of fact and recommendation as to guilt, neither *1343 of which have been challenged. As to the appropriate discipline, the Bar is correct that as a general rule a suspension is appropriate when an attorney is found guilty of misconduct that causes injury or potential injury to the legal system or to the profession and that misconduct is similar to that for which the attorney has been disciplined in the past. Florida Standards for Imposing Lawyer Sanctions 8.2. However, under the circumstances, we do not believe that a suspension is warranted. The referee's finding that Grigsby suffers from clinical depression for which he voluntarily sought professional help is not challenged. Since Grigsby's failure to respond to the Bar's requests was likely caused by this mental disability, we believe the recommended discipline is adequate.
Accordingly, Joel E. Grigsby is hereby publicly reprimanded, which shall be accomplished by publication of this opinion. He also is placed on a three-year period of conditional probation, pursuant to Rule of Discipline 3-5.1(c), during which time he shall continue to actively participate in therapy with a licensed mental health counselor. Grigsby shall ensure that his counselor submits quarterly reports to The Florida Bar during the probationary period. The reports shall confirm Grigsby's active participation in counseling for the preceding period and shall evaluate his ability to engage in the active practice of law. During the probationary period, Grigsby shall be supervised by an attorney who is a member in good standing with The Florida Bar and who is acceptable to the Bar to act as supervisor. The supervising attorney shall provide continuous monitoring of Grigsby's case files and provide quarterly reports to the Bar regarding the files. Grigsby shall be responsible for submitting the quarterly reports to the Bar's headquarters in Tallahassee. As a further condition of his probation, Grigsby shall reimburse the Bar monthly for all costs of monitoring his probation. He shall remit the monthly monitoring costs to the Bar headquarters in Tallahassee no later than five days from the end of each month in which the costs are due. The costs of these proceedings also are taxed against Grigsby and judgment is entered in the amount of $1,137.37, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
WELLS, J., is recused.