CORRECTED OPINION

PER CURIAM.
The Florida Bar petitions this Court to consider amendments to rules 4-7.2 and 4-7.5 of the Rules Regulating The Florida Bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
Both of the proposed rule amendments involve the regulation of legal advertising. Rule 4-7.2 permits lawyers to advertise their services through public media. The proposed amendment expands the list of information that is presumed not to be misleading when appearing in advertisements and written communications for lawyers or law firms. The expanded list includes the following: the office location and parking arrangements; disability accommodations; electronic mail *1257 addresses; a lawyer’s years of experience practicing law; official certification logos for the fields of law in which a lawyer practices; and common salutary language such as “best wishes,” “good luck,” “happy holidays,” and “pleased to announce.”
Rule 4-7.5 provides for the evaluation of contemplated advertisements and written communications prior to their dissemination. Under this rule, a lawyer may obtain an advisory opinion concerning compliance with the rules by submitting the material and a specified fee to the standing committee on advertising fifteen days prior to dissemination. The proposed amendment to rule 4-7.5 expands the categories of communications that are exempt from the filing and review requirements and increases the filing and review fee from $50 to $100 per advertisement submitted. The proposed amendment also expands the criteria that may be considered for purposes of determining whether an announcement is a public service announcement which is exempt from the filing requirements.
The Board of Governors voted to submit the proposed amendments to the Court in advance of the Bar’s annual filing of rules changes. The Board of Governors also requested that the amendments be approved by the Court on an expedited basis. The Bar’s 1996-97 budget is based in part on the revenue that will be received if the advertisement filing and review fee is increased to $100 as requested.
The proposed rule amendments were published in the November 1, 1996, issue of The Florida Bar News and also placed on the Court’s Internet site. Comments to the proposed amendments were due by January 2, 1997. No comments were filed.
We find that the proposed amendments clarify the rules relating to advertising and that the requested fee increase is reasonable. Accordingly, we amend and adopt the rules as reflected in the Appendix to this opinion. Underscoring indicates new language; strike-through type indicates deletions. The comments are offered for explanation and guidance only and are not adopted as an official part of the rules. These rules shall take effect upon the release of this opinion. The increased evaluation fee shall be applicable to all filings postmarked after the date of this opinion.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 4-7.2 ADVERTISING
(a) Permissible Forms of Advertising. Subject to all the requirements set forth in this subchapter 4-7, including the filing requirements of rule 4-7.5, a lawyer may advertise services through public media, such as a telephone directory, legal directory, newspaper or other periodical, billboards and other signs, radio, television, and recorded messages the public may access by dialing a telephone number, or through written communication not involving solicitation as defined in rule 4V7.4. These rules shall not apply to any advertisement broadcast or disseminated in another jurisdiction in which the advertising lawyer is admitted if such advertisement complies with the rules governing lawyer advertising in that jurisdiction and is not intended for broadcast or dissemination within the State of Florida.
(b) Single Voice Requirement; Employee of Lawyer or Law Firm. Advertisements on the electronic media such as television and radio may contain the same factual information and illustrations as permitted in advertisements in the print media, but the information shall be articulated by a single voice, with no background sound other than instrumental music. The voice may be that of a full-time employee of the firm whose services are advertised; it shall not be that of a celebrity whose voice is recognizable to the public. The lawyer or full-time employee of the firm whose services are being advertised may appear on screen or on radio.
(c) Name of Lawyer or Lawyer Referral Service. All advertisements and written communications pursuant to these rules shall include the name of at least 1 lawyer or the *1258 lawyer referral service responsible for their content.
(d) Disclosure Statement. Except as provided in this subdivision, all advertisements? other than lawyer referral service advertisements shall contain the following disclosure: “The hiring of a lawyer is an important decision that should not be based solely upon advertisements. Before you decide, ask us to send you free written information about our qualifications and experience.” Lawyer referral service advertisements shall contain the following disclosure: “The hiring of a lawyer is an important decision. Before you decide to hire the lawyer to whom you are referred, ask that lawyer for written information about that lawyer’s qualifications and experience.” These disclosures need not appear in electronic advertisements or advertisements in the public print media that contain no illustrations and no information other than that listed in subdivision (n)(l)-(4011) of this rule.
(e) Dramatizations Prohibited. There shall be no dramatization in any advertisement in any medium.
(f) Use of Illustrations. Illustrations used in advertisements shall present information that can be factually substantiated and is not merely self-laudatory.
(g) Fields of Practice. Every advertisement and written communication that indicates 1 or more areas of law in which the lawyer or law firm practices shall conform to the requirements of rule 4-7.6.
(h) Disclosure of Liability For Expenses Other Than Fees. Every advertisement and written communication that contains information about the lawyer’s fee, including those that indicate no fee will be charged in the absence of a recovery, shall disclose whether the client will be liable for any expenses in addition to the fee. Additionally, advertisements and written communications indicating that the charging of a fee is contingent on outcome or that the fee will be a percentage of the recovery shall disclose (1) that the client will be liable for expenses regardless of outcome, if the lawyer so intends to hold the client liable; and (2) whether the percentage fee will be computed before expenses are deducted from the recovery, if the lawyer intends to compute the percentage fee before deducting the expenses.
(i) Period for Which Advertised Fee Must be Honored. A lawyer who advertises a specific fee or range of fees for a particular service shall honor the advertised fee or range of fees for at least 90 days unless the advertisement specifies a shorter period; provided that, for advertisements in the yellow pages of telephone directories or other media not published more frequently than annually, the advertised fee or range of fees shall be honored for no less than 1 year following publication.
Cj) Self-laudatory Statements. A lawyer shall not make statements that are merely self-laudatory or statements describing or characterizing the quality of the lawyer’s services in advertisements and written communications; provided that this provision shall not apply to information furnished to a prospective client at that person’s request or to information supplied to existing clients.
(k) Firm Name. A lawyer shall not advertise services under a name that violates the provisions of rule 4-7.7.
(l) Location of Practice. All advertisements and written communications provided for under these rules shall disclose the geographic location, by city or town, of the office in which the lawyer or lawyers who will actually perform the services advertised principally practice law. If the office location is outside a city or town, the county in which the office is located must be disclosed. A lawyer referral service shall disclose the geographic area in which the lawyer practices when a referral is made.
(m) Payment by Nonadvertising Lawyer. No lawyer shall, directly or indirectly, pay all or a part of the cost of an advertisement by a lawyer not in the same firm unless the advertisement discloses the name and address of the nonadvertising lawyer, the relationship between the advertising lawyer and the nonadvertising lawyer, and whether the advertising lawyer may refer any ease *1259 received through the advertisement to the nonadvertising lawyer.
(n)Permissible Content of Advertisements. The following information in advertisements and written communications shall be presumed not to violate the provisions of rule 4-7.1:
(1) subject to the requirements of this rule and rule 4-7.7, the name of the lawyer or law firm, a listing of lawyers associated with the firm, office addresses locations and parking arrangements, disability accommodations, telephone numbers and electronic mail addresses, office and telephone service hours, and a designation such as “attorney” or “law firm”;
(2) date of admission to The Florida Bar and any other bars, years of experience practicing law, and a listing of federal courts and jurisdictions other than Florida where the lawyer is licensed to practice;
(3) technical and professional licenses granted by the state or other recognized licensing authorities and educational degrees received, including dates and institutions;
(4) foreign language ability;
(5) fields of law in which the lawyer practices, including official certification logos, subject to the requirements of rule 4-7.6;
(6) prepaid or group legal service plans in which the lawyer participates;
(7) acceptance of credit cards;
(8) fee for initial consultation and fee schedule, subject to the requirements of subdivisions (h) and (i) of this rale;
(9) a listing of the name and geographic location of a lawyer or law firm as a sponsor of a public service announcement or charitable, civic, or community program or event;
(10) common salutary language such as “best wishes”, “good luck”, “happy holidays”, or “pleased to announce”; and
(4011) a lawyer referral service may advertise its name, location, telephone number, the referral fee charged, its hours of operation, the process by which referrals are made, the areas of law in which referrals are offered, the geographic area in which the lawyers practice to whom those responding to the advertisement will be referred, and, if applicable, its nonprofit status, its status as a lawyer referral service approved by The Florida Bar, and the logo of its sponsoring bar association.
(o) Advertising in Law Directory. Nothing in this rule prohibits a lawyer or law firm from permitting the inclusion in law lists and law directories intended primarily for the use of the legal profession of such information as has traditionally been included in these publications.
(p) Maintaining Copies of Advertisements. A copy or recording of an advertisement or written or recorded communication shall be submitted to the standing committee on advertising in accordance with the requirements of rule 4-7.5, and the lawyer shall retain a copy or recording for 3 years after its last dissemination along with a record of when and where it was used.
(q) Payment for Recommendations; Lawyer Referral Service Fees. A lawyer shall not give anything of value to a person for recommending the lawyer’s services, except that a lawyer may pay the reasonable cost of advertising or written or recorded communication permitted by these rules, may pay the usual charges of a lawyer referral service or other legal service organization, and may purchase a law practice in accordance with rule 4-1.17.
(r) Language of Required Statements. Any words or statements required by this rule, rale 4-7.3, or rale 4-7.4 to appear in an advertisement or direct mail communication must appear in the same language in which the advertisement appears. If more than 1 language is used in an advertisement or direct mail communication, any words or statements required by this rale, rule 4-7.3, or rule 4-7.4 must appear in each language used in the advertisement or direct mail communication.
Comment
To assist the public in obtaining legal services, lawyers should be allowed to make known their services not only through reputation but also through organized information *1260 campaigns in the form of advertising. The public’s need to know about legal services can be fulfilled in part through advertising that provides the public with useful, factual information about legal rights and needs and the availability and terms of legal services from a particular lawyer or law firm. This need is particularly acute in the case of persons of moderate means who have not made extensive use of legal services. Nevertheless, certain types of advertising by lawyers create the risk of practices that are misleading or overreaching and can create unwarranted expectations by persons untrained in the law. Such advertising can also adversely affect the public’s confidence and trust in our judicial system.
In order to balance the public’s need for useful information, the state’s need to ensure a system by which justice will be administered fairly and properly, as well as the state’s need to regulate and monitor the advertising practices of lawyers, and a lawyer’s right to advertise the availability of the lawyer’s services to the public, this rule permits public dissemination of information concerning a lawyer’s name or firm name, address, and telephone number; the kinds of services the lawyer will undertake; the basis on which the lawyer’s fees are determined, including prices for specific services and payment and credit arrangements; a lawyer’s foreign language ability; names of references and, with their consent, names of clients regularly represented; and other factual information that might invite the attention of those seeking legal assistance.
Television is now one of the most powerful media for conveying information to the public; a blanket prohibition against television advertising, therefore, would impede the flow of information about legal services to many sectors of the public. However, the unique characteristics of electronic media, including the pervasiveness of television and radio, the ease with which these media are abused, and the passiveness of the viewer or listener, make the electronic media especially subject to regulation in the public interest. Therefore, greater restrictions on the manner of television and radio advertising are justified than might be appropriate for advertisements in the other media. To prevent abuses, including potential interferences with the fair and proper administration of justice and the creation of incorrect public perceptions or assumptions about the manner in which our legal system works, and to promote the public’s confidence in the legal profession and this country’s system of justice while not interfering with the free flow of useful information to prospective users of legal services, it is necessary also to restrict the techniques used in television and radio advertising.
Subdivisions (b) and (e) of this rale are designed to ensure that the advertising is not misleading and does not create unreasonable or unrealistic expectations about the results the lawyer may be able to obtain in any particular case, and to encourage a focus on providing useful information to the public about legal rights and needs and the availability and terms of legal services. Thus, the rale allows all lawyer advertisements in which the lawyer personally appears to explain a legal right, the services the lawyer is available to perform, and the lawyer’s background and experience.
The prohibition in subdivision (b) against any background sound other than instrumental music precludes, for example, the sound of sirens or car crashes and the use of jingles. Subdivision 4-7.1(d) forbids use of testimonials or endorsements from clients or anyone else. Subdivision (e) prohibits dramatizations in any advertisement, including those appearing on the electronic media. This is intended to preclude the use of scenes creating suspense, scenes containing exaggerations or situations calling for legal services, scenes creating consumer problems through characterization and dialogue ending with the lawyer solving the problem, and the audio or video portrayal of an event or situation. While informational illustrations may attract attention to the advertisement and help potential clients to understand the advertisement, self-laudatory illustrations are inherently misleading and thus prohibited. As an example, a drawing of a fist, to suggest the lawyer’s ability to achieve results, would not be informational and would be barred.
*1261 Regardless of medium, a lawyer’s advertisement should provide only useful, factual information presented in a nonsensational manner. Advertisements utilizing slogans or jingles, oversized electrical and neon signs, or sound trucks fail to meet these standards and diminish public confidence in the legal system.
The disclosure required by subdivision (d) of this rule is designed to encourage the informed selection of a lawyer. As provided in rule 4-7.3, a prospective client is entitled to know the experience and qualifications of any lawyer seeking to represent the prospective client. The required disclosure would be ineffective if it appeared in an advertisement so briefly or minutely as to be overlooked or ignored. Thus in print advertisements, the type size used for the disclosure must be sufficient to cause the disclosure to be conspicuous; in recorded advertisements, the disclosure must be spoken at a speed that allows comprehension by the average listener. This rule does not specify the exact type size to be used for the disclosure or the exact speed at which the disclosure may be spoken; good faith and common sense should serve as adequate guides for any lawyer.
Neither this rule nor rule 4-7.4 prohibits communications authorized by law, such as notice to members of a class in class action litigation.
This rule applies to advertisements and written communications directed at prospective clients and concerning a lawyer’s or law firm’s availability to provide legal services. The rule does not apply to communications between lawyers, including brochures used for recruitment purposes.
Paying others to recommend a lawyer
A lawyer is allowed to pay for advertising permitted by this rule and for the purchase of a law practice in accordance with the provisions of rule '4-1.17, but otherwise is not permitted to pay or provide other tangible benefits to another person for procuring professional work. However, a legal aid agency or prepaid legal services plan may pay to advertise legal services provided under its auspices. Likewise, a lawyer may participate in lawyer referral programs and pay the usual fees charged by such programs, subject, however, to the limitations imposed by rule 4-7.8. Subdivision (q) does not prohibit paying regular compensation to an assistant, such as a secretary or advertising consultant, to prepare communications permitted by this rule.
RULE 4-7.5 EVALUATION OF ADVERTISEMENTS
(a) Advisory Opinion. A lawyer may obtain an advisory opinion concerning the compliance of a contemplated advertisement or written communication with these rules in advance of disseminating the advertisement or communication by submitting the material and fee specified -in subdivision (d) to the standing committee on advertising at least 15 days prior to such dissemination. If the committee finds that the advertisement complies with these rules, the lawyer’s voluntary submission shall be deemed to satisfy the filing requirement set forth in subdivision (b) of this rule.
(b) Filing Copy of Advertisement. Subject to the exemptions stated in subdivision (c) of this rule, any lawyer who advertises services through any public media or through written communication not involving solicitation as defined in rule 4r-7A shall file a copy of each such advertisement with the standing committee on advertising for evaluation of compliance with these rules. The copy shall be filed either prior to or concurrently with the lawyer’s first dissemination of the advertisement or written communication and shall be accompanied by the information and fee specified in subdivision (d).
(c) Exemptions from Filing Requirement. The following are exempt from the filing requirements of subdivision (b) of this rule:
(1) Any advertisement in any of the public media, including the yellow pages of telephone directories, that contains no illustrations and no information other than that set forth in rule 4-7.2(n)(l)-(4011). This exemption extends to television advertisements only if the visual display featured in such advertisements is limited to the words spoken by the announcer.
*1262 (2) A brief announcement in any of the public media that identifies a lawyer or law firm as a contributor to a specified charity or as a sponsor of a public service announcement or a specified charitable, community, or public interest program, activity, or event, provided that the announcement contains no information about the lawyer or law firm other than name, the city where the law offices are located, and the fact of the sponsorship or contribution. In determining whether an announcement is a public service announcement for purposes of this rule and rule 4-7.2(n)(9), the following are criteria that may be considered:
(A) whether the content of the- announcement appears to serve the particular interests of the lawyer or law firm as much as or more than the interests of the public;
(B) whether the announcement contains information concerning the lawyer’s or law firm’s area of practice, legal background, or experience;
(C) whether the announcement contains the address or telephone number of the lawyer or law firm;
(D) whether the announcement concerns a legal subject;
(E) whether the announcement contains legal advice; and
(F) whether the attorney lawyer or law firm paid to have the announcement published.
(3) A listing or entry in a law list or bar publication.
(4) A newsletter mailed only to existing clients, former clients, or other lawyers.
(5) Any written communications requested by a prospective client.
(§6) Professional announcement cards stating new or changed associations, new offices, and similar changes relating to a lawyer or law firm, and that are mailed only to other lawyers, relatives, close personal friends, former clients, and existing clients.
(d) Contents of Filing. A filing with the committee as required by subdivision (b) or as permitted by subdivision (a) shall consist of:
(1) a copy of the advertisement or communication in the form or forms in which it is to be disseminated (e.g., videotapes, audiotapes, print media, photographs of outdoor advertising);
(2) a transcript, if the advertisement or communication is on videotape or audiotape;
(3) a statement listing all media in which the advertisement or communication will appear, the anticipated frequency of use of the advertisement or communication in each medium in which it will appear, and the anticipated time period during which the advertisement or communication will be used; and
(4) a fee paid to The Florida Bar, in an amount of $56100 for submissions timely filed as provided in subdivisions (a) or (b), or $250 for submissions not timely filed. This fee shall be used to offset the cost of evaluation and review of advertisements submitted under these rules and the cost of enforcing these rules.
(e) Evaluation of Advertisements. The committee shall evaluate all advertisements and written communications filed with it pursuant to this rule for compliance with the applicable rules set forth in this subchapter 4-7. The committee shall complete its evaluation within 15 days of receipt of a filing unless the committee determines that there is reasonable doubt that the advertisement or written communication is in compliance with the rules and that further examination is warranted but cannot be completed within the 15-day period, and so advises the lawyer within the 15-day period. In the latter event, the committee shall complete its review as promptly as the circumstances reasonably allow. If the committee does not send any communication to the lawyer within 15 days, the advertisement will be deemed approved.
(f) Substantiating Information. If requested to do so by the committee, the filing lawyer shall submit information to substantiate representations made or implied in that lawyer’s advertisement or written communication.
*1263 (g) Notice of Noncompliance; Effect of Continued Use of Advertisement. When the committee determines that an advertisement or written communication is not in compliance with the applicable rules, the committee shall advise the lawyer that dissemination or continued dissemination of the advertisement or written communication may result in professional discipline.
(h) Committee Determination Not Binding; Evidence. A finding by the committee of either compliance or noncompliance shall not be binding in a grievance proceeding, but may be offered as evidence.
(i) Change of Circumstances; Refiling Requirement. If a change of circumstances occurring subsequent to the committee’s evaluation of an advertisement or written communication raises a substantial possibility that the advertisement or communication has become false or misleading as a result of the change in circumstances, the lawyer shall promptly refile the advertisement or a modified advertisement with the committee along with an explanation of the change in circumstances and an additional fee set by the board of governors but not exceeding $50100.
Comment
This rule has a dual purpose: to enhance the court’s and the bar’s ability to monitor advertising practices for the protection of the public and to assist members of the bar to conform their advertisements to the requirements of these rules. This rule gives lawyers the option of submitting their advertisements to the committee for review prior to first use or submitting their advertisements at the time of first use. In either event, the committee will advise the filing lawyer in writing whether the advertisement appears to comply with the rules. The committee’s opinion will be advisory only, but may be considered as evidence of a good faith effort to comply with these rules. A lawyer who wishes to be able to rely on the committee’s opinion as demonstrating the lawyer’s good faith effort to comply with these rules has the responsibility of supplying the committee with all information material to a determination of whether an advertisement is false or misleading.
In The Florida Bar v. Doe, 634 So.2d 160 (Fla.1994), the court recognized the need for specific guidelines to aid lawyers and the bar in determining whether a particular announcement in the public media is a public service announcement as contemplated in this rule and rule 4-7.2(n). Subdivisions (c)(2)(A)-(F) of this rule respond to the court’s concern by setting forth criteria that, while not intended to be exclusive, provide the needed guidance. With the exception of subdivision (e)(2)(C), these criteria are based on factors considered by the court in Doe.