708 So.2d 926 (1998)
THE FLORIDA BAR, Complainant,
v.
Mark D. GREENSPAN, Respondent.
No. 88384.
Supreme Court of Florida.
March 12, 1998.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee; and Lorraine C. Hoffmann, Bar Counsel, Fort Lauderdale, for Complainant.
Partricia S. Etkin of Weiss & Etkin, Plantation; and Thomas F. Gustafson, Jr. of Gustafson, Tilton, Henning & Metzger, P.A., Fort Lauderdale, for Respondent.
PER CURIAM.
We have for review the referee's report recommending that Mark D. Greenspan be found guilty of various ethical breaches. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a three-count complaint against Mark D. Greenspan in July 1996. Count I of the complaint alleged that *927 Greenspan failed to file a copy of a 1995 Yellow Pages advertisement with The Florida Bar's Standing Committee on Advertising in violation of Rule Regulating The Florida Bar 4-7.5(b). Counts II and III of the complaint alleged that Greenspan violated Rules Regulating The Florida Bar 3-4.8 and 4-8.4(g) by failing to reply to the Bar's written requests that he comply with the mandatory filing requirement and by failing to respond in writing to investigative inquiries from the Bar concerning his failure to comply with the filing requirement. Greenspan failed to answer the Bar's complaint as mandated by Rule Regulating The Florida Bar 3-7.6(g)(2), which resulted in the entry of a default judgment.
Greenspan appeared pro se at the October 4, 1996, final hearing on sanctions. Greenspan admitted that he received the Bar's inquiries and that he had no adequate explanation for his failure to respond. Greenspan testified that he had suffered from social, physical, and mental problems, including depression, during the time of the Bar's inquiries and that he had voluntarily entered a mental hospital for ten days. However, he offered no evidence to support his testimony.
Based on the order on default judgment, the referee found the following facts had been established. As to count I, the referee found that Greenspan placed an advertisement in the April 1995 Southern Bell Yellow Pages without first filing a copy of the advertisement with the Florida Bar Standing Committee on Advertising.
As to count II, the referee found that in November 1995, the Bar sent Greenspan a letter advising him that his Yellow Pages advertisement had not been filed as required by rule 4-7.5(b). The Bar asked Greenspan to comply with the rule and outlined the steps he needed to take to comply. Greenspan failed to comply with this request. By letters sent in December 1995 and February 1996, the Bar reiterated the request that Greenspan comply with the filing rule. Greenspan failed to respond to these requests.
As to count III, the referee found that in April 1996 the Bar notified Greenspan by certified letter to his record bar address that he was required to respond in writing to the allegations of failure to comply with the advertising filing rule. Greenspan failed to respond to this investigative inquiry.
Based on these findings, the referee recommends that Greenspan be found guilty of the ethical violations charged by the Bar and that he be suspended from the practice of law for twenty days, to be followed by a one-year term of probation. The referee also recommends that because of Greenspan's failure to respond to the Bar for ten months, his failure to participate in the disciplinary proceedings, his testimony regarding his "deep and debilitating depression," and his admission to a psychiatric hospital, Greenspan be required to obtain, at his own expense, a psychiatric evaluation and any treatment which is recommended as a result of the evaluation. The referee further recommends that Greenspan be compelled to comply with the filing requirement[1] and required to pay the costs of these proceedings.
In arriving at the recommended sanction, the referee considered (a) the duty violated, (b) the lawyer's mental state, (c) the potential or actual injury caused by the misconduct, and (d) the existence of aggravating and mitigating factors. As to Greenspan's mental condition, due to Greenspan's refusal to participate in the disciplinary process, the referee was unable to determine with any certainty whether Greenspan suffers or suffered from any mental disability which actually impaired his judgment in electing not to respond to the Bar's inquiries. The referee therefore refused to consider Greenspan's eleventh-hour unsupported testimony of mental problems. See Florida Bar v. Horowitz, 697 So.2d 78 (Fla.1997) (recognizing that referee can reject as mitigation respondent's unsupported testimony of clinical depression).
In November 1996, Greenspan filed a motion to remand in this Court. The motion *928 was denied and in the order of denial this Court approved the report of the referee and suspended Greenspan for twenty days. Greenspan filed various pleadings, including a motion for rehearing and a petition for review. The Court granted the motion for rehearing and vacated the suspension order, and this proceeding followed.
First, we reject Greenspan's claim that the proceedings against him should be dismissed due to two instances of alleged misconduct by the Bar. Greenspan maintains that the Bar acted improperly when it failed to cite Florida Bar v. Grigsby, 641 So.2d 1341 (Fla.1994), wherein an attorney was publicly reprimanded for misconduct similar to that which occurred here. Greenspan also points to the Bar's alleged failure to clear up a possible misconception on the part of the referee concerning a case relied on by the Bar in seeking a suspension. See Florida Bar v. Vaughn, 608 So.2d 18 (Fla.1992) (publicly reprimanding attorney for continuing pattern of not participating in disciplinary proceedings). First, we note that if Greenspan had fully participated in the proceedings below, he could have offered the Grigsby decision in support of a lesser discipline and could have attempted to correct any perceived misunderstanding concerning the authorities relied on by the Bar. In any event, even assuming that the Bar should have proceeded as Greenspan now contends, any oversight by the Bar was not serious enough to warrant dismissal. See Florida Bar v. Rubin, 362 So.2d 12 (Fla.1978) (holding that whether misconduct by The Florida Bar during disciplinary proceedings warrants dismissal of charges depends on severity of breach and gravity of the consequences to respondent).
After reviewing the record, we approve the referee's findings of fact. We also approve the recommendation as to guilt, which is not challenged here. However, we reject the recommended twenty-day suspension. We believe that under the circumstances a public reprimand followed by a one-year term of probation contingent upon a psychiatric evaluation and treatment is an adequate discipline. A public reprimand is called for here in light of Greenspan's eighteen-year unblemished record as well as the fact that Greenspan's original transgression was rather minor (failure to file an ad with the Standing Committee, which ad has since been filed and approved). Cf. Vaughn (publicly reprimanding attorney with a prior disciplinary history for continuing pattern of not participating in disciplinary proceedings); Grigsby (publicly reprimanding and placing on probation attorney, who had prior disciplinary history but who suffered from clinical depression, for failing to respond to a demand for information from the Bar); Florida Bar v. Doe, 634 So.2d 160 (Fla.1994) (admonishing attorney, with no prior disciplinary history, for violating various advertising rules by failing to file a misleading ad that did not contain the required disclosures).
Accordingly, Mark D. Greenspan is hereby publicly reprimanded. The reprimand shall be accomplished by the publication of this opinion. Greenspan also is placed on a one-year period of conditional probation, pursuant to Rule Regulating The Florida Bar 3-5.1(c). In light of Greenspan's testimony that he had suffered from a deep and debilitating depression and had been admitted to a psychiatric hospital, we further order that as a condition of the probation Greenspan must, at his own expense, undergo a psychiatric evaluation and obtain any treatment that may be recommended in connection with the evaluation. The evaluation shall be obtained within thirty days from the date of this opinion and shall be provided to The Florida Bar for review. If treatment is recommended, Greenspan shall ensure that his therapist submits quarterly reports to The Florida Bar during the probationary period. The reports shall confirm Greenspan's active participation in treatment and shall evaluate his ability to engage in the practice of law. Should a report indicate that Greenspan is incapable of practicing law, the Bar shall take whatever action it deems appropriate. However, if no treatment is recommended, none shall be required. As a further condition of his probation, Greenspan shall reimburse the Bar for all costs of monitoring his probation. Judgment is entered against Greenspan for *929 costs in the amount of $956.30, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] Greenspan maintains that he has submitted his ad to the Standing Committee and it has been approved. The Bar does not maintain otherwise.